**William F. POWERS, Appellant,**

v.

**Carl WHITE and John Ashcroft, Attorney General, Appellees.**

**No. 81–2070.**

United States Court of Appeals, Eighth Circuit.

Submitted May 21, 1982.

Decided June 11, 1982.

James A. Daugherty, St. Louis, Mo., for appellant.

John Ashcroft, Atty. Gen., Michael Elbein, Asst. Atty. Gen., argued, Jefferson City, Mo., for appellees.

Before LAY, Chief Judge, HEANEY, Circuit Judge, and BECKER,* Senior District Judge.

HEANEY, Circuit Judge.

William F. Powers appeals from the district court's [1] denial of his petition for habeas corpus, filed pursuant to 28 U.S.C. § 2254. Powers contends that he was denied his constitutional rights to a speedy trial and to due process of law. We agree with the district court that Powers has not established a constitutional violation and, therefore, we affirm its decision.

Powers, an inmate of the Missouri Training Center for Men, seeks to set aside state

---

* The Honorable WILLIAM H. BECKER, United States Senior District Judge for the District of Missouri, sitting by designation.

**1.** The Honorable William L. Hungate, United States District Judge for the Eastern District of Missouri.

convictions for burglary second degree and stealing. Powers was arrested for these offenses on September 29, 1976, charged by information on March 2, 1977, and arraigned on May 24, 1977. His trial was initially set for September 2, 1977, but was postponed when he was taken into federal custody on August 25, 1977, on an unrelated offense. Following several further postponements, some at the prosecutor's request and some by consent of both sides, Powers was eventually tried by the state on October 29, 1979. After exhausting his state remedies, Powers filed this federal habeas corpus petition, asserting deprivation of his constitutional right to a speedy trial and violation of certain state statutes which specify time periods within which an accused must be brought to trial.

■ The district court first examined the Sixth Amendment claim, concluding that Powers did not establish that his constitutional speedy trial rights were violated. In reaching this conclusion, the court properly considered (1) the length of the delay, (2) the reasons for the delay, (3) Powers' assertion of his right to a speedy trial, and (4) what, if any, prejudice Powers suffered from the delay. *See Barker v. Wingo*, 407 U.S. 514, 530, 92 S.Ct. 2182, 2192, 33 L.Ed.2d 101 (1972); *Morris v. Wyrick*, 516 F.2d 1387, 1390 (8th Cir.), *cert. denied*, 423 U.S. 925, 96 S.Ct. 268, 46 L.Ed.2d 251 (1975). The court then considered Powers' state law claim based upon Mo.Rev.Stat. §§ 545.890 and 545.920 (1978) (requiring trial within three terms of court following filing of the information). It concluded that in this case, any violation of such statute did not reach constitutional proportions in light of the Sixth Amendment determination and a finding that no fundamental unfairness resulted.

■ We affirm. Whether the state violated its own statutes is a question of state law for determination by state courts. Whether any such violation, standing alone, abridges federal constitutional rights is a separate inquiry in which the key factors are fundamental fairness and prejudice from the loss of rights afforded to similarly situated defendants. *See Klimas v. Mabry*,

599 F.2d 842, 848 (8th Cir. 1979); *Connor v. Piccard*, 434 F.2d 673 (1st Cir. 1970), *rev'd on other grounds*, 404 U.S. 270, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971). Here, Powers consented to several of the continuances and has not shown fundamental unfairness or prejudice from the delay. In affirming the district court, we note that one of Powers' state law claims is raised for the first time on appeal to this Court. This claim is based upon the Missouri Speedy Trial Act, which became effective on September 1, 1978, and requires that a defendant be tried within 180 days of arraignment. Powers did not pursue this claim in state court or in the district court, and counsel for the state has represented that there is no procedural bar to his doing so in a Rule 27.26 action in state court. We thus have no occasion to examine this statutory claim. *See Morrow v. Wyrick*, 646 F.2d 1229, 1234 (8th Cir. 1981) (failure to present an issue to the state and district courts precludes its consideration here).

Accordingly, the district court's denial of habeas relief is affirmed.