**Eugene Joseph BARNES, Jr., Appellant,**

v.

**Donald WYRICK, Warden, Missouri State Penitentiary, Appellee.**

No. 83-1201.

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 24, 1983.

Decided Oct. 28, 1983.

John Ashcroft, Atty. Gen., Rosalynn Van Heest, Asst. Atty. Gen., Jefferson City, Mo., for appellee.

Before HENLEY, Senior Circuit Judge, and J.R. GIBSON and FAGG, Circuit Judges.

PER CURIAM.

Eugene Joseph Barnes, Jr., an inmate in the Missouri State Penitentiary, brought this action for damages under 42 U.S.C. § 1983 against the prison's warden, associate warden, and chief security officer. Barnes alleged that conditions of his con-

finement constituted cruel and unusual punishment in violation of the eighth and fourteenth amendments. The district court entered judgment on a jury verdict in favor of all defendants. We affirm.

This action arose from the transfer of Barnes from a cell on the first floor of the prison to a cell on the third floor for a period of about six months. Evidence at trial indicated that Barnes was moved to allow a guard in Barnes' original cell unit to supervise a dangerous prisoner's integration into the prison population following a lengthy detention in administrative segregation. Barnes contends that because of his medical problems the defendants' actions with respect to the transfer amounted to cruel and unusual punishment. A report from a prison physician stated that Barnes should remain in his cell on the lower floor. The chief security officer testified, though, that he was unaware of the medical report until after the transfer. The warden and associate warden indicated that their involvement in the transfer was limited. In addition, after the transfer another prison physician certified that Barnes could function properly in a cell one walk higher for a short period of time.

 Although it is difficult to understand Barnes' pro se brief, we will discuss the issues apparently raised by him on appeal. First, Barnes argues that the district court committed error in denying his motion for a new trial. The question of granting or denying a new trial following a jury verdict is within the discretion of the trial judge, however, and a decision by the trial judge will not be reversed by this court in the absence of a showing of abuse of discretion. *See Pitts v. Electro-Static Finishing, Inc.,* 607 F.2d 799, 803 (8th Cir.1979). We find no abuse of discretion in this case. Second, Barnes maintains that the defendants' lawyer made misrepresentations during her opening statement and later presented false information to the jury. These grounds were not raised in the district court, and thus, because this is not an exceptional case, we do not consider them on appeal. *See Kelley v. Crunk,* 713 F.2d 426, 427 (8th Cir.1983).

We have carefully considered all discernible issues raised by Barnes and find none of any merit. Affirmed.