Ronald Dean MATTHEWS, Appellant,

v.

A.L. LOCKHART, Director, Arkansas Department of Correction, Appellee.

No. 83–1681.

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 16, 1983.

Decided Jan. 24, 1984.

Bill W. Bristow, P.A., Seay & Bristow, Jonesboro, Ark., for appellant.

Steve Clark, Atty. Gen. by Leslie M. Powell, Asst. Atty. Gen., Little Rock, Ark., for appellee.

Before LAY, Chief Judge, FAGG, Circuit

Judge, and HUNTER,* Senior District Judge.

FAGG, Circuit Judge.

Ronald Dean Matthews appeals from the district court's denial of his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. He contends that (1) he was denied his statutory and constitutional right to a speedy trial, (2) he was denied a fair trial because of prejudicial pretrial publicity, and (3) he was subjected to double jeopardy as a result of the multiple sentences imposed by the trial court. We affirm.

On October 19, 1977, Matthews and three of his fellow inmates at the Cummins Unit of the Arkansas Department of Correction commandeered a bus transporting a prison work detail and attempted to escape. On October 27, 1977, a variety of charges relating to this incident were filed. On March 26, 1979, Matthews was convicted of kidnapping, theft, escape, and of being a habitual offender. Matthews received sentences on each charge which were ordered to run consecutively for a total of eighty years. His convictions were affirmed by the Arkansas Supreme Court. *Matthews v. State,* 268 Ark. 484, 598 S.W.2d 58 (1980).

█ Matthews first contends that his statutory right to a speedy trial was violated because he was not brought to trial within two terms of court as provided in Arkansas law. Ark.Stat.Ann. § 43–1708 (1977 Repl.). The Arkansas Supreme Court gave extensive consideration to the application of the Arkansas statute to the facts of this case and it determined that Matthews was tried within the Arkansas statutory period. *Matthews v. State, supra,* 598 S.W.2d at 61. The question of whether the state violated its own speedy trial statute is a matter for the state courts. *Wallace v. Lockhart,* 701 F.2d 719, 729 (8th Cir.1983); *Powers v. White,* 680 F.2d 51, 52 (8th Cir. 1982). Whether any such violation abridges an individual's rights under the federal due process clause depends primarily upon whether there has been any fundamental unfairness and prejudice. *Wallace v. Lockhart, supra,* 701 F.2d at 729; *Powers v. White, supra,* 680 F.2d at 52. We find no such unfairness or prejudice in this case, as will be considered more fully in the context of Matthews' sixth amendment claim.

█ Matthews alleges that the pretrial delay violated his sixth amendment right to a speedy trial. Postindictment delay is examined under the four part test enunciated by the Supreme Court in *Barker v. Wingo,* 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). This test balances the length of the delay, the reason for the delay, the defendant's assertion of his speedy trial right, and the prejudice that the defendant has suffered. Both the Arkansas Supreme Court and the federal district court considered the *Barker* factors and concluded that Matthews' right to a speedy trial had not been violated. We agree.

█ The first factor under *Barker,* the length of the delay, is a triggering mechanism. Absent a delay that is presumptively prejudicial, inquiry into the other factors is unnecessary. *Id.* at 530, 92 S.Ct. at 2192; *United States v. Richards,* 707 F.2d 995, 997 (8th Cir.1983). We believe that the seventeen month delay in this case between the filing of charges and the date of trial is presumptively prejudicial. However, it is significant that the Arkansas Supreme Court found that the trial occurred within the time limit required under the Arkansas speedy trial statute. Thus, we do not find the delay so lengthy as to require automatic dismissal. *See United States v. Richards, supra,* 707 F.2d at 997; *Smith v. Mabry,* 564 F.2d 249, 251–52 (8th Cir.1977), *cert. denied,* 435 U.S. 907, 98 S.Ct. 1456, 55 L.Ed.2d 499 (1978). Considering the reason for the delay, it is noteworthy that at least some of the delay is due to a continuance sought by petitioner's counsel. Matthews' attorney sought and was granted a continuance because the trial date conflicted with a previ-

---

* The Honorable Elmo B. Hunter, Senior United States District Judge for the Western District of Missouri, sitting by designation.

ously scheduled civil trial. Delays that result directly from the press of other business affecting defense counsel are weighted less heavily against the government. *See United States v. Sarvis,* 523 F.2d 1177, 1183 (D.C.Cir.1975). As to the additional delay, this does not appear to be a case where the prosecution intentionally delayed the trial to gain a tactical advantage. *See Barker v. Wingo, supra,* 407 U.S. at 531, 92 S.Ct. at 2192. With respect to the third factor, the defendant's responsibility to assert his speedy trial right, we note that Matthews did not raise the speedy trial issue until the first day of trial. *Id.* at 531–32, 92 S.Ct. at 2192–93. Finally, we consider whether Matthews was prejudiced by the delay. A serious interest served by the speedy trial guarantee is to limit the possibility that the defense will be impaired. *Id.* at 532, 92 S.Ct. at 2193. We agree with the district court that "there is no indication that due to the delay, defense witnesses or evidence favorable to the petitioner became unavailable." Considering all of these factors, we conclude that the delay in petitioner's trial was not such as to violate his constitutional right to a speedy trial.

On appeal, Matthews has also argued that the Arkansas statutory scheme regarding the right to a speedy trial violates the equal protection clause. This argument was not raised in the district court and because this is not an exceptional case, we do not consider that argument in this court. *Barnes v. Wyrick,* 719 F.2d 962, 963 (8th Cir.1983); *Kelley v. Crunk,* 713 F.2d 426, 427 (8th Cir.1983).

Matthews next argues that prejudicial pretrial publicity denied his right to a fair trial. Specifically, Matthews complains that newspaper accounts appearing shortly before his trial stated that his two codefendants had accepted plea bargains on the same charges facing Matthews. Their acceptance of the plea bargains was later withdrawn. Matthews has a fundamental right to trial by a fair and impartial jury. This does not require, however, that jurors be totally ignorant of the facts and circumstances involved. *United States v.*

*Bruton,* 647 F.2d 818, 826 (8th Cir.1981). "It is sufficient if the juror can lay aside his impression or opinion and render a verdict based on the evidence presented in court." *Irvin v. Dowd,* 366 U.S. 717, 723, 81 S.Ct. 1639, 1643, 6 L.Ed.2d 751 (1961). In this case, the state court found that only a few of the prospective jurors had read the newspaper account. Those who had read the articles stated that they would arrive at a decision based entirely upon the evidence as submitted and the law as given them. Moreover, as the Arkansas Supreme Court suggested, Matthews' counsel hardly even took note of the issue at the time of the trial. Few prospective jurors were questioned about their familiarity with the articles and no change of venue was requested. In sum, we agree with the Arkansas Supreme Court and the federal district court that the nature and degree of opinions that might have been formed by the jurors in this case were not sufficient to deny Matthews' constitutional right to a fair trial.

Finally, Matthews argues that he was subjected to double jeopardy due to the multiple sentences imposed by the trial court. Matthews received sentences of fifty years for kidnapping, twenty years for theft of property, and ten years for escape, to be served consecutively. For our purposes, the test to be applied to determine whether an individual has been subjected to multiple punishment for a single offense is whether each offense requires proof of a fact which the others do not. *Blockburger v. United States,* 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932); *United States v. Wilford,* 710 F.2d 439, 445 (8th Cir.1983). We agree with the district court that kidnapping, theft, and escape involve proof of different elements and are punishable as separate crimes. *See* Ark.Stat.Ann. §§ 41–1702, 2203, 2810 (1977 Repl.). Moreover, the sentencing court has the authority to order that the sentences be served consecutively. Ark.Stat.Ann. § 43–2311 (1977 Repl.).

Accordingly, the judgment of the district court dismissing the petition is affirmed.

Affirmed.