John Harris BOND, Appellant,

v.

IMFS, INC., d/b/a Interstate Motor Freight System; John Reid, Operation Manager; George Diver, District Manager; Bobby Biggs, Dispatcher; Robert Gunther; Robert Champ; James Muffo; Tom Dinnick, Terminal Manager and National Labor Relations Board, Appellees.

No. 83–2032.

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 14, 1984.

Decided Feb. 17, 1984.

No brief was filed by appellees.

John Harris Bond, pro se.

Before ROSS, McMILLIAN and FAGG, Circuit Judges.

PER CURIAM.

John Harris Bond appeals from a final judgment entered in the District Court[1] for

---

**1.** The Honorable William L. Hungate, United States District Judge for the Eastern District of Missouri.

the Eastern District of Missouri dismissing his claims of conspiracy and discriminatory discharge against his employer, IMFS, Inc., and several of its managerial employees. For reversal Bond argues that (1) the verdict was against the weight of the evidence; (2) the district court erroneously excluded from evidence a consent decree entered into between the government and IMFS, Inc., on June 29, 1972, settling a Title VII action; and (3) the district court erred in dismissing his conspiracy claim brought under 42 U.S.C. § 1985(3). For the reasons discussed below, we affirm.

Bond raised his argument that the verdict was against the weight of the evidence in a posttrial motion for new trial under Fed.R.Civ.P. 59. The district court rejected this contention. "A motion for new trial upon the ground that the verdict is against the weight of the evidence is addressed to the sound discretion of the court .... Ordinarily, no error can be predicated upon the denial of such a motion for new trial." *Minnesota Mutual Life Insurance Co. v. Wright,* 312 F.2d 655, 659–60 (8th Cir.1963) (citations omitted). *See Kelley v. Crunk,* 713 F.2d 426, 427 (8th Cir. 1983) (per curiam). Bond has failed to demonstrate any abuse of discretion by the trial court in denying his motion for new trial.

Bond next contends that the district court erroneously excluded from evidence a consent decree entered into between the government and IMFS in 1972. This consent decree involved an allegedly discriminatory seniority system used throughout the motor carrier industry and was thus irrelevant to the issues raised in the present case. The district court did not abuse its discretion in excluding the consent decree from evidence.

Finally, Bond claims that the district court erred in dismissing before trial his § 1985(3) claim of a conspiracy between IMFS and its agents to discriminate against him. The only discriminatory act alleged in Bond's complaint was his discharge on the basis of race. "[I]f the challenged conduct is essentially a single act of discrimination by a single business entity, the fact that two or more agents participated in the decision or in the act itself will normally not constitute the conspiracy contemplated by this statute." *Dombrowski v. Dowling,* 459 F.2d 190, 196 (7th Cir.1972), *quoted in Baker v. Stuart Broadcasting Co.,* 505 F.2d 181, 183 (8th Cir.1974). Bond's complaint was directed at IMFS, which through its personnel declined to employ him. Therefore, Bond did not state an actionable claim of conspiracy under § 1985(3), and the district court properly dismissed the claim.

Accordingly, the judgment of the district court is affirmed. *See* 8th Cir.R. 12(a).