796 F.2d 1060
 5 Fed.R.Serv.3d 1135, 33 Ed. Law Rep. 1071
 Leo H. SPINAR, Appellant,
v.
SOUTH DAKOTA BOARD OF REGENTS; William J. Srstka, Jr.;
Michelle Tapken; Howard Owens; Frederick Cozad; Howard
Levi; Margerie Mortimer; Betty Redfield; Bonnie Sivage;
Dennis McFarland, Appellees.
 No. 85-5417.
 United States Court of Appeals,
Eighth Circuit.
 Submitted May 13, 1986.
Decided July 23, 1986.
 
 Mark F. Marshall, Rapid City, S.D., for appellant.
 Terry N. Prendergast, Sioux Falls, S.D. and Gary E. Davis, Gregory, S.D., for appellees.
 Before McMILLIAN, Circuit Judge, BRIGHT, Senior Circuit Judge, and BOWMAN, Circuit Judge.
 BOWMAN, Circuit Judge.
 
 
 1
 Leo H. Spinar, formerly an administrator at South Dakota State University and currently a full professor there, has brought this action seeking damages against the South Dakota Board of Regents (Board) and its members in their individual capacities (Regents) for wrongfully terminating his employment as an administrator. His complaint asserts deprivations of his constitutional rights in violation of 42 U.S.C. Sec. 1983 as well as several pendent state law claims. This case is before us on appeal from the District Court's grant of defendants-appellees' motions to dismiss Spinar's complaint and for summary judgment. We dismiss the appeal for lack of jurisdiction.
 
 
 2
 The facts leading to this lawsuit are stated briefly because our disposition of the case does not reach the merits of the appeal. In 1966, Spinar joined the South Dakota State University faculty as an associate professor of chemistry. Eventually he achieved the rank of full, tenured professor. In the early 1970s, Spinar became a full-time administrator, without tenure, in which position he served until July 1982 by virtue of a series of one-year contracts. The Board notified him in September 1981 that it would be relieving him of his administrative duties as of June 30, 1982. In July 1982, Spinar returned to his former position as professor of chemistry. He later filed this action.
 
 
 3
 The gist of Spinar's claim under section 1983 is that defendants deprived him, without due process, of a property right in continued employment as an administrator. He also asserts a section 1983 claim based upon an alleged violation of his First Amendment right of free speech. As previously mentioned, his complaint also sets forth several state law claims.
 
 
 4
 On May 28, 1985, defendants filed motions in the District Court to dismiss Spinar's complaint for failure to state claims upon which relief could be granted and for summary judgment. The motions were supplemented by an extensive memorandum of legal arguments and authorities as well as a statement of facts. Spinar never responded to these motions.
 
 
 5
 Accordingly, on August 19, 1985 (some eighty-three days later), the District Court granted the motion to dismiss Spinar's federal claims, and dismissed his state law claims without prejudice. The District Court held that the Board cannot be sued under section 1983 because it is not a "person" within the meaning of that section. The court found that the Regents were not acting in their individual capacities and that the Eleventh Amendment barred this action against the individual Regents in their official capacities because any judgment against the Regents in their official capacities would be paid from the state treasury. Spinar v. South Dakota Board of Regents, No. CIV 84-5086, slip op. at 1-2 (D.S.D. Aug. 19, 1985) (memorandum opinion). Judgment was entered for defendants on August 19, 1985 in conformance with the District Court's memorandum opinion.
 
 
 6
 Thirty-two days later, on September 20, 1985, after the time for appeal under Fed.R.App.P. 4(a) had expired, Spinar filed a "Motion for Reconsideration," claiming that the court's judgment "adversely affected" him. Designated Record (D.R.) at 91, 92. He asked the court to vacate its prior judgment on the grounds that: (1) the complaint alleges individual actions by the Regents outside the scope of their authority; (2) immunity cannot protect public officers such as the Regents from claims that they are personally liable; (3) the individual Regents are personally liable; and (4) the Eleventh Amendment does not bar the action against the Regents because any judgment would be paid out of insurance proceeds rather than public funds.
 
 
 7
 The District Court granted the motion for reconsideration and on October 17, 1985 vacated its August 19, 1985 opinion and order. The court then proceeded to grant defendants' then-pending motions to dismiss (on behalf of the Board) and for summary judgment (on behalf of the individual Regents), and again entered judgment in favor of defendants. Spinar timely filed this appeal of that judgment.
 
 
 8
 As a threshold matter, we must satisfy ourselves of our jurisdiction to hear the appeal as well as the District Court's jurisdiction to vacate its original judgment and to issue the judgment before us. Landrum v. Moats, 576 F.2d 1320, 1323 (8th Cir.), cert. denied, 439 U.S. 912, 99 S.Ct. 282, 58 L.Ed.2d 258 (1978); Baker v. Riss & Co., 444 F.2d 257, 259 (8th Cir.1971). Normally, we review a district court's decision to grant or deny relief from a judgment under the abuse of discretion standard. See Harris v. Arkansas Department of Human Services, 771 F.2d 414, 417 (8th Cir.1985); Knox v. Lichtenstein, 654 F.2d 19, 21 (8th Cir.1981). However, when we review the district court's power to entertain such relief, we are presented with a question of law which we review de novo.
 
 
 9
 Neither Spinar nor the District Court denominated the Motion for Reconsideration as falling under any particular rule of federal civil procedure. Such motions typically have been characterized as motions under Fed.R.Civ.P. 59 or 60, the precise categorization depending to some extent on the substance of the motion. Harris, 771 F.2d at 416 n. 3. If characterized as a motion under Rule 59(e) for amendment of the judgment, Spinar's motion clearly was filed after the ten-day time limit for serving such motions, and the District Court was without jurisdiction to consider it. In addition, the motion does not enunciate any extraordinary circumstances that would merit relief under Rule 60(b). See Spika v. Village of Lombard, 763 F.2d 282, 285 (7th Cir.1985), cert. denied, --- U.S. ----, 106 S.Ct. 793, 88 L.Ed.2d 771 (1986).
 
 
 10
 Rather, a close reading of the motion satisfies us that the ground for relief asserted therein is that the District Court erred as a matter of law in granting the motion to dismiss as to the individual Regents. In other words, the motion asserts that the District Court made a legal error. So construed, the motion does not set forth a ground for relief cognizable under Rule 60(b).
 
 
 11
 This Court has maintained consistently that "Rule 60(b) was not intended as a substitute for a direct appeal from an erroneous judgment." Hartman v. Lauchli, 304 F.2d 431, 432 (8th Cir.1962); Fox v. Brewer, 620 F.2d 177, 180 (8th Cir.1980). The thirty-day time limit under Fed.R.App.P. 4(a) is mandatory and jurisdictional; it cannot be avoided through a spurious Rule 60(b) motion. The purpose of Rule 4(a) is clear: "It is 'to set a definite point of time when litigation shall be at an end, unless within that time the prescribed application has been made; and if it has not, to advise prospective appellees that they are freed of the appellant's demands.' " Browder v. Director, Department of Corrections, 34 U.S. 257, 264, 98 S.Ct. 556, 560, 54 L.Ed.2d 521 (1978); see Young v. Chicago, Milwaukee, St. Paul & Pacific Railroad, 369 F.2d 502, 504 (8th Cir.1966).
 
 
 12
 Spinar seeks to bring his case within Rule 60(b)(1), which permits a court to grant relief "from a final judgment, order, or proceeding for ... mistake, inadvertence, surprise, or excusable neglect." Accordingly, Spinar asserts in his reply brief that he sought reconsideration of the August 1985 judgment on the grounds of the mistake, inadvertence, or excusable neglect of his counsel in failing to file a brief in opposition to defendants' motions for summary judgment and for dismissal of the complaint. We conclude, however, that the text of Spinar's Motion for Reconsideration admits to no such interpretation--even liberally read it does not suggest that errors or omissions of counsel were the basis for the relief requested of the District Court. Rather, the motion simply asserts that the court erred as a matter of law in granting judgment for the individual defendants. Thus the motion did not set forth a proper ground under Rule 60(b)(1) for relief from judgment. Moreover, even if the Motion for Reconsideration could be construed as asserting a ground for relief cognizable under Rule 60(b)(1), the District Court lacked jurisdiction because Spinar failed to file the motion within the thirty-day time limit for filing a notice of appeal. See Fox, 620 F.2d at 180 (requiring Rule 60(b)(1) motions to be made within the time period allowed for appeals); CRI, Inc. v. Watson, 608 F.2d 1137, 1143 (8th Cir.1979) (same). Spinar does not argue that any of the other subdivisions of Rule 60(b) are applicable.
 
 
 13
 For the reasons set forth above, we conclude that the District Court lacked jurisdiction to vacate its original judgment and to issue a new judgment. It follows that this Court lacks jurisdiction and thus we dismiss the appeal.
 
 
 14
 BRIGHT, J., concurs in the result.