Lynn LOWE, Appellant,

v.

E.I. DuPONT de NEMOURS &
CO., Appellee.

No. 85–2428.

United States Court of Appeals,
Eighth Circuit.

Submitted June 10, 1986.

Decided Sept. 30, 1986.

Johnny P. Arnold, Texarkana, Ark., for appellant.

Nicholas H. Patton, Texarkana, Ark., for appellee.

Before JOHN R. GIBSON, Circuit Judge, HENLEY, Senior Circuit Judge, and STROM,* District Judge.

STROM, District Judge.

E.I. DuPont de Nemours & Company (DuPont), manufacturer of the herbicide Lexone, appeals from an adverse jury verdict awarding damages to Lowe for lowered crop yield. This products liability action was originally tried to a jury in December, 1984. After return of a verdict for Lowe in the amount of $15,988, Lowe moved for a new trial. The district court sustained the motion, holding that the jury had improperly relied on evidence of crop yields from lands dissimilar to Lowe's crop damaged land. After a second trial, a jury verdict in the amount of $53,040 was returned in favor of Lowe.

DuPont contends that the trial court erred in granting a new trial. DuPont also contends that there was a failure of proof with regard to an element of damages in the second trial and that there is insufficient evidence to support a finding of liability on the part of DuPont.

■ With regard to DuPont's first assignment of error, a district court is afforded broad discretion in determining whether to grant or deny a new trial under Fed.R. Civ.P. 59. The court's decision will not be reversed by a court of appeals in the ab-

---

* The Honorable Lyle E. Strom, United States District Judge for the District of Nebraska, sitting by designation.

sence of a clear showing of abuse of discretion. *Harris v. Arkansas Dep't. of Human Services,* 771 F.2d 414, 417 (8th Cir. 1985); *Barnes v. Wyrick,* 719 F.2d 962, 963 (8th Cir.1983). (per curiam). The district court's grant of a new trial herein was premised upon a reasonable interpretation of *J.L. Wilson Farms, Inc. v. Wallace,* 267 Ark. 643, 590 S.W.2d 42 (App.1979). We can find no abuse of discretion in the trial court's decision.

■ DuPont's second assignment of error involves the jury's damage computation in the second trial. The jury was instructed to award damages in the amount of:

> [t]he difference in the fair market value between the crop that the land would otherwise have produced and the crop that was actually produced, less the difference between what it would have cost to have produced, harvested, and marketed an undamaged crop and what it did cost to produce, harvest and market the actual crop.

DuPont contends that Lowe failed to adduce any evidence with regard to differences in cost of production and marketing. Although no exact figures were adduced, Mr. Lowe did testify, without objection on the part of the defendant, to the crop yields which he realized on both the portion of his land that was subjected to the application of Lexone and to the twenty-four rows consisting of approximately two acres to which Lexone was not applied. He also testified as to the costs of buying the seed, buying the herbicide, planting, harvesting and cultivating. He further testified without objection that "it costs just as much to harvest a poor acre of beans as it does a good acre of beans." The Court has reviewed plaintiff's testimony and believes that the evidence was sufficient to support the verdict of the jury.

The law does not require mathematical precision in proof of a loss; proof to a reasonable certainty is sufficient. *School District No. 11 a/k/a South Sioux City Schools v. Sverdrup and Parcel and Associates, Inc.,* 797 F.2d 651, 654 (8th Cir.1986); *LeSueur Creamery, Inc. v. Has-*

*kon, Inc.,* 660 F.2d 342, 349–50 (8th Cir. 1981), *cert. denied,* 455 U.S. 1019, 102 S.Ct. 1716, 72 L.Ed.2d 138 (1982). The difficulty of proving a precise amount will not preclude recovery as long as there is a reasonable basis to approximate the amount. *School District No. 11,* at 654; *LeSueur Creamery,* 660 F.2d at 351. Moreover, a jury verdict may not be overturned for insufficient evidence unless it is clearly contrary to the evidence. *Id.* at 353.

The jury herein was fully advised of the elements of the damages claimed and could calculate a suitable award accordingly. DuPont did not object to the damage instructions and did not propose any alternative method of calculating damages. We conclude that there is testimony in the record to support the jury's calculation of damages and that its award was not based upon speculation and conjecture.

■ DuPont's last contention is that the jury's finding of liability on the part of DuPont is unsupported by the evidence and contrary to the weight of the evidence. Under both federal law and Arkansas law, " 'a reviewing court is bound to examine the evidence in the light most favorable to the appellee ... and bound to sustain the jury verdict if there is any substantial evidence to support it.' " *DeWitt v. Brown,* 669 F.2d 516, 523 (8th Cir.1982) (*quoting Garoogian v. Medlock,* 592 F.2d 997, 999–1000 (8th Cir.1979)). There is substantial evidence in the record, including the testimony of an expert, Dr. Brown, to support a finding by the jury that DuPont's product was defective and unreasonably dangerous and that warnings given in the labeling were inadequate. Not one, but two juries, separately found liability on the part of DuPont.

In view of the foregoing, the jury's verdict is affirmed.