815 F.2d 76
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Frances CHAPPELL, Plaintiff-Appellant,
v.
Carl J. MIRA, individually and Subway Lounge, Defendant-Appellee.
 No. 86-3125.
 United States Court of Appeals, Sixth Circuit.
 Feb. 24, 1987.
 
 Before: KEITH, KRUPANSKY, and GUY, Circuit Judges.
 PER CURIAM.
 
 
 1
 The defendant, Mira, is the owner of the Subway Lounge in Bellevue, Ohio. On the night of May 26, 1983, plaintiff, Chappell, was a patron in Mira's tavern. Upon leaving at approximately 2:30 a.m., Chappell was assaulted in the parking lot owned by Mira at the rear of the Subway Lounge. The assailant was an unknown female (Jane Doe) who had also been a patron in the Subway Lounge. Chappell and Jane Doe had had words earlier in the evening resulting in intervention by Mira. Although there were no weapons involved in the assault, Jane Doe was able to inflict sufficient damage with her fists to the face and nose of plaintiff so that plastic surgery on her nose was required.
 
 
 2
 On April 5, 1984, Chappell instituted a negligence action against Mira essentially alleging that Mira "failed to exercise reasonable care and caution in protecting the plaintiff from the assault, beating, and violent actions from the said Jane Doe" (Plaintiff's Complaint--App. p. 6). Based on diversity of citizenship, this action was commenced in the District Court for Northern Ohio, Western Division. In October of 1985 a three-day jury trial was held. The jury found for the plaintiff and awarded damages in the sum of $2,792.90. After the verdict, Chappell filed a timely motion for a new trial alleging that the verdict was inadequate. Judge Potter, in a written opinion, denied the motion and this appeal followed. Finding no abuse of discretion in this denial, we affirm.
 
 
 3
 It is axiomatic that a motion for a new trial is addressed to the sound judicial discretion of the trial court and is not to be disturbed on appeal except when that discretion has been clearly abused. Barnes v. Wyrick, 719 F.2d 962 (8th Cir.1983). It is equally clear that, where the motion for a new trial involves only the damages awarded by the jury, it is not the function of a court of appeals to substitute its view of a proper award for that returned by the jury. The only question on appeal is whether the district court abused its discretion in concluding that the jury did not abuse its discretion. Galard v. Johnson, 504 F.2d 1198 (7th Cir.1974).
 
 
 4
 There is little doubt that if the jury had accepted all of the plaintiff's premises and arguments, the award should have been larger. However, the jury was under no obligation to do so. Chappell's theory is predicated on a continuous course of negligent conduct by Mira commencing with his first knowledge that Chappell and Jane Doe were exchanging unpleasantries. Since there was no physical altercation within the bar, however, the jury may well have believed that Mira's intervention was a reasonable and appropriate response and devoid of actionable negligence. Similarly, the jury may well have believed that Mira had no reason to suspect that Chappell was in jeopardy upon leaving the bar, particularly since she was in the company of a male and female companion as well as various members of the band.
 
 
 5
 Also, this is not a case where the condition of the parking lot had any bearing on what occurred. This was not an instance where an unknown assailant leaped out of the shadows of an inadequately lighted parking lot to assault a departing bar patron. It may well be here that the only negligence the jury attributed to Mira was his refusal to call the police after the beating had already been inflicted on the plaintiff.
 
 
 6
 Since only a general verdict was returned and the jury was asked no special interrogatories, it leaves a reviewing court with a scenario in which there are endless possibilities as to how the jury may have properly arrived at the figure they did. Under such circumstances it is impossible to conclude that the district judge abused his discretion in denying a new trial on the issue of damages.
 
 
 7
 AFFIRMED.