982 F.2d 525
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Jackie BLUE, Appellant,
v.
A.L. LOCKHART, Director, Arkansas Department of Correction, Appellee.
 No. 92-1565.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: December 15, 1992.
Filed: December 29, 1992.
 
 Before MAGILL, LOKEN, and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Jackie Blue, an Arkansas inmate, appeals from the district court's[1] dismissal of his 28 U.S.C. § 2254 habeas petition as an abuse of the writ and for procedural default. We affirm.
 
 
 2
 In July 1978, Blue pleaded guilty to eleven counts of aggravated robbery and was sentenced to concurrent life sentences. In July 1990, Blue filed his third section 2254 petition, alleging due process and double jeopardy violations in that he was convicted and sentenced on eleven counts based on only one course of conduct and thus only one aggravated robbery. Blue also alleged that the felony information had erroneously stated the number of his prior felony convictions.[2] The state moved to dismiss the petition as an abuse of the writ and because Blue procedurally defaulted on these claims in state court.
 
 
 3
 In January 1992, the magistrate judge recommended dismissing the section 2254 petition, concluding that Blue had not shown cause and prejudice for failing to properly present his claims in state court and in his first habeas petition. The magistrate judge also noted that Blue has not made "a colorable showing of factual innocence," and that his case did not "fit within the 'extremely narrow band of cases' constituting the innocence exception to the cause requirement." The district court adopted the magistrate judge's findings and recommendations and dismissed the section 2254 petition. This appeal followed.
 
 
 4
 The district court did not err in holding that Blue's claims are procedurally barred and that assertion of the claims in this petition constitutes abuse of the writ. Blue admits he did not previously raise (in state or federal proceedings) his claims regarding the number of counts and the number of prior felonies, and he does not assert cause or prejudice. See Smith v. Murray, 477 U.S. 527, 537-38 (1986); McClesky v. Zant, 111 S. Ct. 1454, 1470 (1991). We conclude that the refusal to consider these claims would not result in a fundamental miscarriage of justice because Blue has produced no evidence that would tend to prove his actual innocence. See Williams v. Groose, No. 92-2064, slip op. at 5 (8th Cir. Nov. 23, 1992) (per curiam); Shaw v. Delo, 971 F.2d 181, 185-86 (8th Cir. 1992).
 
 
 5
 Because Blue did not assert in the district court that his guilty plea was involuntary, we decline to address this claim on appeal. See Matthews v. Lockhart, 726 F.2d 394, 397 (8th Cir. 1984) (absent showing that case is exceptional, court will not consider section 2254 petitioner's claim raised for first time on appeal). We deny Blue's "motion for evidentiary hearing."
 
 
 6
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable Susan W. Wright, United States District Judge for the Eastern District of Arkansas, adopting the report and recommendations of the Honorable Jerry W. Cavaneau, United States Magistrate Judge for the Eastern District of Arkansas
 
 
 [2]
 Blue has abandoned on appeal an additional claim that his counsel was ineffective for failing to challenge the number of counts and the number of prior felonies