# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 96-3605

_____

|  |  |  |
|---|---|---|
| Air Evac EMS, Inc. | * | |
|  | * | |
| Appellee, | * | |
|  | * | Appeal from the United States |
| v. | * | District Court for the Western |
|  | * | District of Missouri |
| Aeronautical Accessories, | * | |
| Inc., Edwards & Associates, | * | [UNPUBLISHED] |
| Inc., | * | |
|  | * | |
| Appellants. | * | |

_____

Submitted: June 13,1997

Filed: September 5,1997
_____

Before RICHARD S. ARNOLD, Chief Judge, BEEZER[1] and WOLLMAN, Circuit Judges
_____

BEEZER, Circuit Judge:


Defendants Aeronautical Accessories, Inc. ("Aeronautical") and Edwards & Associates, Inc. ("Edwards") appeal the district court's jury verdict in favor of plaintiff Air Evac EMS ("Air Evac") in Air Evac's product liability action. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm in part and reverse and remand in part.

_____

[1]The Honorable Robert R. Beezer, United States Circuit Judge for the Ninth Circuit, sitting by designation.

I

This product liability action arises from a helicopter accident. Early in the morning on April 1, 1988, pilot David Short, flying a Bell helicopter to an accident scene, decided to abort the mission due to weather conditions. The helicopter was equipped with a "nightscanner" light, a rotating search light mounted underneath the helicopter. When Short activated the nightscanner in order to check his forward visibility, the glare from the light temporarily blinded him. He attempted to turn off the nightscanner, but the light failed to extinguish, causing Short to lose visual reference to the ground. Short then lost control of the helicopter and it crashed into a field near Springfield, Missouri. Short and his passengers sustained injuries.

The owner of the helicopter, Air Evac, brought this action against Edwards, the installer of the nightscanner system, and Aeronautical, a previous owner of the helicopter, along with other defendants who have since been dismissed. The jury returned a verdict in favor of Air Evac, holding that Short was ten percent at fault and the defendants ninety percent at fault. The district court awarded Air Evac $1,076,323.36 plus pre-judgment and post-judgment interest. The court denied the defendants' motion to alter or amend the judgment. This timely appeal followed.

II

Defendants first argue that the district court abused its discretion in admitting the testimony of Air Evac's expert witness Michael Postiglione. See Peitzmeier v. Hennessy Indus., Inc., 97 F.3d 293, 296 (8th Cir. 1996) (reviewing admission of expert testimony for abuse of discretion). Defendants contend that

Postiglione's testimony is inadmissible under <u>Daubert v. Merrell Dow Pharmaceuticals, Inc.</u>, 509 U.S. 579 (1993).

Postiglione testified that he found visual evidence that the contact points on the relay of the nightscanner had welded; other experts testified that they could not detect evidence of welding either through visual observation or with the use of a scanning electron microscope. If such welding occurred, it would cause the light to remain illuminated even after the pilot moved the switch into the "off" position.

Defendants allege that Postiglione's testimony is inadmissible because he based his conclusion on visual inspection alone, rather than employing other methods of inspection as did the other experts. But weakness in the factual basis of expert testimony goes to the weight, and not the admissibility, of that testimony. <u>Loudermill v. Dow Chem. Co.</u>, 863 F.2d 566, 570 (8th Cir. 1988) ("[a]s a general rule, the factual basis of an expert opinion goes to the credibility of the testimony, not the admissibility, and it is up to the opposing party to examine the factual basis for the opinion in cross-examination"); <u>see</u> <u>also</u> Fed. R. Evid. 703. "Only if an expert's opinion is so fundamentally unsupported that it can offer no assistance to the jury must such testimony be excluded." <u>Hose v. Chicago Northwestern Transp. Co.</u>, 70 F.3d 968, 974 (8th Cir. 1995) (internal quotation omitted).

The district court addressed the admissibility of Postiglione's testimony in its denial of defendants' motion for summary judgment. The court noted that Postiglione's opinion was not solely based upon visual inspection but also upon his analysis of the testimony of others and his experience with electrical components and relays. Further, we note that the defendants presented no evidence that the general practice of inspecting an electrical relay for malfunction excludes visual observation. The

3

district court did not abuse its discretion in admitting the expert testimony; it was the jury's province to weigh the credibility of Postiglione's testimony.

III

Defendants next argue that the district court abused its discretion in admitting evidence of the failures of nightscanners that contained relays different from the relay in the nightscanner at issue. We review the district court's ruling on admissibility of evidence for an abuse of discretion. United States v. Mendoza, 85 F.3d 1347, 1351 (8th Cir. 1996).

A primary evidentiary issue at trial concerned whether the relay in the nightscanner could accommodate the in-rush current passing through it without causing the light to remain illuminated after the unit was switched into the "off" position. The nightscanner at issue was a Symbolic Display assembly, containing a mechanical, 60-amp relay, labeled an "MB3D" relay. Defendants' expert testified that this relay could accommodate the in-rush current. The district court allowed Air Evac to introduce evidence concerning the failure of nightscanners which used Glare-Ban assemblies. Glare-Ban assemblies contain printed circuit contact 70-amp relays. The evidence established that Symbolic Display assemblies and Glare-Ban assemblies are interchangeable, and thus, are subject to the same in-rush current.

Because Glare-Ban and Symbolic Display assemblies contain different relays, the defendants argue that the evidence relating to failures of nightscanners containing Glare-Ban assemblies is not substantially similar to the evidence concerning the failure of the nightscanner used by Air Evac. See McKnight v. Johnson Controls, Inc., 36 F.3d 1396, 1410 (8th Cir. 1994) (evidence of other accidents is admissible only if the other accident is substantially

4

similar to the accident at issue). As the district court noted, however, the evidence of the failures of the Glare-Ban nightscanners was relevant both: (1) to impeach the testimony that the 60-amp relay could handle the in-rush current and (2) to establish that the defendants' engineer was negligent in not adequately testing the MB3D relay to ensure it could accommodate the in-rush current before installing that relay into the Symbolic Displays nightscanner. The district court did not abuse its discretion in admitting the evidence concerning the failure of the Glare-Ban nightscanners.

IV

Defendants also assert that the district court erred in admitting evidence of the failures of three other Symbolic Display nightscanners which contained MB3D relays. Defendants offer no argument supporting this claim other than stating that the failures were too remote in time to be of probative value. Defendants' argument can be characterized as a claim that the evidence should not have been permitted under Federal Rule of Evidence 403. Under this rule, a District Court is permitted to exclude relevant evidence "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay [or] waste of time." Fed. R. Evid. 403. We will not reverse a district court's determination respecting the admissibility of evidence under Rule 403 absent a clear and prejudicial abuse of discretion. International Travel Arrangers v. NWA, Inc. 991 F.2d 1389, 1400 (8th Cir. 1993).

Although the subsequent failures of other Symbolic Display nightscanners occurred between five and eight years after the Air Evac accident, the district court found that the subsequent failures were substantially similar to the failure of the

5

nightscanner used by Air Evac, and, thus the evidence had significant probative value. For example, the other Symbolic Display nightscanners that subsequently failed had configurations and modifications identical to the nightscanner at issue. Moreover, evidence was presented that on each failed Symbolic Display nightscanner the light tended to remain illuminated after being turned into the "off" position. Evidence of other accidents can be used to prove causation. McKnight, 36 F.3d at 1410. The district court did not abuse its discretion.

V

Next, defendants contend that the district court erred in giving the jury a "negligent failure to warn" instruction. We review jury instructions for abuse of discretion. Karcher v. Emerson Elec. Co., 94 F.3d 502, 510 (8th Cir. 1996), cert. denied, 117 S. Ct. 1693 (1997). Under Missouri law, in order to prove negligent failure to warn, the plaintiff must show that the defendant knew or had reason to know about the dangerous condition. Morris v. Shell Oil Co., 467 S.W.2d 39, 42 (Mo. 1971) (adopting Restatement (Second) of Torts § 388). Air Evac presented evidence that the defendants' engineer: (1) knew that the original configuration of the nightscanner tended to remain activated even after being switched "off"; (2) did minimal testing of his modification to the nightscanner; and (3) did not test the amount of current passing through the relay to ensure that the relay could accommodate the current. This evidence was sufficient for the district court to submit the failure to warn instruction to the jury.

VI

Defendants further argue that the district court erred in denying their motion for a directed verdict and motion for new

6

trial because Air Evac failed to establish causation.  We review de novo the district court's denial of a motion for judgment as a matter of law, which includes a motion for a directed verdict. McKnight, 36 F.3d at 1400.  We apply a much more deferential standard in our review of a district court's denial of a motion for a new trial:  "The [district] court's decision will not be reversed by a court of appeals in the absence of a clear abuse of discretion."  Lowe v. E.I. DuPont de NeMours & Co., 802 F.2d 310, 310-11 (8th Cir. 1986).

Defendants allege that Air Evac's circumstantial evidence did not "tend to exclude any other reasonable conclusion" for the cause of the accident.  See Aetna Cas. and Sur. Co. v. General Elec. Co., 758 F.2d 319, 322 (8th Cir. 1985) (under Missouri law, when plaintiff relies on circumstantial evidence in product liability case, evidence must tend to exclude other reasonable conclusions). Defendants' argument relies on the exclusion of the testimony of plaintiff's expert Postiglione.  As discussed above, Postiglione's testimony was properly admitted.  Air Evac, therefore, did not rely solely on circumstantial evidence to prove causation.  The district court did not err in denying defendants' motion for a directed verdict and did not abuse its discretion in denying defendants' motion for a new trial.

VI

Finally, defendants argue that the district court erroneously awarded pre- and post-judgment interest.  We review de novo questions of state law.  Kansas Pub. Employees Retirement Sys. v. Blackwell, Sanders, Matheny, Weary & Lombardi, L.C., 114 F.3d 679, 687 (8th Cir. 1997).

7

Defendants contest the award of pre-judgment interest, calculated from December 4, 1991 to May 5, 1995, on the property damage claim. Missouri Rev. Stat. §408.040(2) permits payment of pre-judgment interest on tort claims, provided that: 1) the claimant demanded payment or offered a settlement, via certified mail, and (2) the judgment obtained exceeds the amount demanded. Pre-judgment interest is available from 60 days after the demand was made until the date of judgment.

Defendants argue that Air Evac's December 4, 1991 letter does not meet these criteria because plaintiff did not send the letter through certified mail and the judgment did not exceed the amount demanded. In awarding pre-judgment interest, the district court reasoned that because the damages were liquidated, Air Evac was entitled to pre-judgment interest from the date it sent its demand letter.

Because a plain reading of the statute does not support the district court's reasoning, we hold that the district court erred in granting pre-judgment interest on the property damage claim. We remand for a determination, in accordance with § 408.040, of the proper pre-judgment interest to be paid, if any, on the property damage claim.

B.

Defendants also contest the pre-judgment interest award on the contribution claim. Again, defendants argue that the district court failed to apply § 408.040 to its determination of pre-judgment interest and instead improperly relied on case law holding that a liquidated claim is subject to pre-judgment interest. The district court, however, correctly concluded that an

action for contribution is not "grounded in tort" but rather is more like a claim for unjust enrichment. See Rowland v. Skaggs Cos., 666 S.W.2d 770, 773 (Mo. 1984) (en banc). As such, § 408.040 is inapplicable and pre-judgment interest is available from the date plaintiffs first demanded payment on the contribution claim. The district court did not err.

C.

Defendants next argue that the district court improperly applied the Missouri pre-judgment statutory interest rate to the post-judgment interest claim. Defendants correctly state that 28 U.S.C. § 1961 is the applicable statute. Section 1961 provides that the federal interest rate applies to money judgments in any civil case. Plaintiff concedes this issue. We remand for recalculation of post-judgment interest in accordance with 28 U.S.C. § 1961.

AFFIRMED in part, REVERSED and REMANDED in part.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

9