In re Buck B. GILILLAND
and Pamela Gililland.

Sorrells Body Shop, Inc., Plaintiff,

v.

Buck B. Gililland and Pamela
Gililland, Defendants.

Bankruptcy No. 98–41407 S.
Adversary No. 98–4129.

United States Bankruptcy Court,
E.D. Arkansas,
Little Rock Division.

April 15, 1999.

David L. Eddy, Russellville, AR, for plaintiff.

Paul Lee, Russellville, AR, for defendant.

M. Randy Rice, Chapter 7 Trustee.

## ORDER DENYING POST-
## TRIAL MOTIONS

MARY D. SCOTT, Bankruptcy Judge.

THIS CAUSE is before the Court upon the plaintiff's Motion for New Trial, and the Plaintiff's Motion for Relief from Judgment, both filed on March 30, 1999. This adversary proceeding was initiated by a complaint to determine dischargeability pursuant to section 523(a) of the Bankruptcy Code. Upon conclusion of the trial, the Court made its oral findings of fact and conclusions of law pursuant to Rule 7052, Federal Rules of Bankruptcy Procedure. The Court found that the parties conspired to commit a fraud upon the insurance company which insured a vehicle secured by a lien. In light of this finding the Court dismissed the proceeding and referred the matter to the appropriate authorities for further investigation and action. Inasmuch as the Order was entered on March 19, 1999, any motion for new trial pursuant to Rule 9023 was required to be filed on or before March 29, 1999.

On March 30, 1999, the plaintiff filed a motion for new trial on the grounds that insurance fraud had not been raised by the pleadings such that the plaintiff was "surprised by this turn of events" and that the actions of the parties did not constitute insurance fraud. Inasmuch as the motion for new trial was untimely, Fed.R.Bankr.P. 7023, plaintiff also filed a Motion for Relief from Judgment pursuant to Rule 9024 alleging that the motion for new trial was untimely solely due to excusable neglect. The Motion for Relief from Judgment alleges that the Motion for new trial was mailed four days before the ten-day period under Rule 9023 but that it, obviously, did not arrive in sufficient time to be timely filed.

■ Both motions must be denied. First, the Motion for New Trial being filed more than ten days after the entry of judgment is untimely and therefore must be denied. Fed.R.Civ.P. 59(e); *Townsend*

*v. Terminal Packaging Co.*, 853 F.2d 623, 624 (8th Cir.1988); *Spinar v. South Dakota Board of Regents*, 796 F.2d 1060, 1062 (8th Cir.1986) ("If ... a motion under Rule 59(e) for amendment of the judgment, Spinar's motion clearly was filed after the ten-day time limit for serving such motions, and the District Court was without jurisdiction to consider it.").

■ The Motion for Relief from Judgment must be denied for two reasons. First, the motion is inappropriate in that it seeks to offer an excuse for failure to timely file the postjudgment motion. A motion under Rule 9024, invoking the excusable neglect standard of Federal Rule of Civil Procedure 60(b)(1), may offer excuses for neglect leading up to the judgment in the first place, but may not be used to explain the failure to file a postjudgment motion to alter or amend the judgment. *Ellis v. Ellis (In re Ellis)*, 72 F.3d 628, 631 (8th Cir.1995).

■ Second, even were the motions properly and timely filed, the court does not believe that it improperly found fraud on the part of both parties. The debt on the vehicle in this instance was secured by a lien—an important fact which plaintiff's arguments and examples ignore. A secured creditor requires that insurance be in place on a vehicle in order to protect its interest in the collateral. If the vehicle is damaged or destroyed, insurance serves to protect the secured creditor's interest by payment of the value of the vehicle if it is destroyed, and by repair if it is damaged. In the instant case, the insurance company issued a check for payment for the purpose of repairing the vehicle; repairs were thus required to be made to the vehicle in order to protect the interest of the secured party. What followed was a conspiracy to avoid and/or undermine the quality of the required repairs (as determined by the insurance company adjuster) and a knowing decision not to restore the vehicle to its pre-collision state. The plaintiff now argues that the parties would like to further

explain their scheme or arrangement. It argues that "under the insurance policy the insured has the right to be compensated for his or her economic loss, and there is no requirement that the damaged automobile be repaired." Plaintiff further argues that the "loss is what is insured, not the repair of damage." In support of this argument the plaintiff attaches an affidavit from an independent insurance adjuster. The relevant clause relied upon by the plaintiff provides as follows:

> (3) *Assuming there is no harm to a lienholder,* it is of no concern to the insurance company or adjuster whether the insured repairs the damaged vehicle in accordance with an estimate of damage....

(Emphasis added.) But this argument ignores the facts. The testimony revealed, in fact, that the insurance check was made payable to multiple parties which included the finance company, also named as a loss payee. The affidavit of the insurance adjuster recognizes that harm could come to a secured party and specifically made his statement with that assumption in mind. The fact that there is a lienholder whose interests were also at stake is not addressed in the motion or response but was testified to on several different occasions during the trial. The testimony revealed that the finance company was required to sign the check before the check could be released and would not do so until the agreed upon repairs had been made. The testimony further revealed that some parts were repaired rather than replaced and as to some repairs, the parties simply decided to just not do them, such as the front end alignment. The plaintiff conceded that the adjuster had made the estimate based upon replacement and not repair. The testimony also revealed that the debtor owed more on the truck than it was worth. Under the circumstances, the parties clearly came to the Court with unclean hands.

■ The plaintiff also claims surprise because the "alleged fraud was not raised by any pleadings or in the defendant's discovery answers," but rather that the Court raised the issue on its own accord while rendering its decision. The Court is not required to ignore testimony of fraud placed in evidence, without opposition or objection, by the parties simply because they did not plead their own fraud. The parties presumably told the truth during trial and placed the facts before the Court. That the parties or their attorneys did not comprehend the import of their actions does not obviate the fraudulent nature of the actions and is not grounds for new trial or relief from judgment. Based upon the foregoing, it is

**ORDERED** as follows:

1. Plaintiff's Motion for New Trial filed on March 30, 1999, is DENIED.

2. Plaintiff's Motion for Relief from Judgment, filed on March 30, 1999, is DENIED.

**IT IS SO ORDERED.**