**Duke B. KELLY, Plaintiff,**

v.

**WAUCONDA PARK DISTRICT, a local Governmental Agency of the State of Illinois, Defendant.**

**No. 85 C 1462.**

United States District Court, N.D. Illinois, E.D.

July 25, 1985.

Timothy P. Whelan, Locke & Learn, Glen Ellyn, Ill., for plaintiff.

Jeffrey D. Colman, Daniel R. Warren, Jenner & Block, Chicago, Ill., for defendant.

1. The original § 630(b) thus went on to state: "but such term ['employer'] does not include . . .

## MEMORANDUM OPINION

KOCORAS, District Judge:

This matter comes before the court on defendant Wauconda Park District's motion to dismiss. For the following reasons, the motion will be granted.

Plaintiff Duke Kelly was employed by defendant as a maintenance worker from 1972 until he was terminated on February 15, 1983. He alleges he was discriminatorily terminated on the basis of his age in violation of the Age Discrimination in Employment Act, 29 U.S.C. §§ 621, *et seq.* ("ADEA"). Defendant has moved to dismiss on the ground that because it is not an "employer" as defined by 29 U.S.C. § 630(b), it is not subject to the provisions of the ADEA.

■ The ADEA applies to "employers" which it defines as follows:

The term 'employer' means a person engaged in an industry affecting commerce who has twenty or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year.

29 U.S.C. § 630(b). When originally enacted in 1967, the ADEA specifically exempted government employers.[1] In 1974, however, Congress amended section 630(b) to include state and local government employers. The 1974 amendment added the following language:

The term ['employer'] also means . . . a State or political subdivision of a State and any agency or instrumentality of a State or a political subdivision of a State . . .

Plaintiff argues that since the amendment does not expressly state that government employers are subject to the statute's 20-employee minimum, that Congress did not intend to limit the ADEA's application to state employers with a minimum of 20 employees. The court disagrees. The legislative history of the 1974 amendment, the

a State or a political subdivision of a State." 29 U.S.C. § 630(b).

similarities between it and a parallel amendment of Title VII,[2] and common sense all indicate that Congress did not intend to make the ADEA applicable to government employers of less than 20 employees.

In 1973, the Senate's Special Committee on Aging recommended that the ADEA be extended to protect government employees because "it is difficult to see why one set of rules should apply to industry and varying standards to government." Special Committee on Aging, U.S. Senate, *Improving the Age Discrimination Law*, at p. 17 (1973). When the 1974 amendment to the ADEA was enacted, its sponsor, Senator Lloyd Bentson of Texas, observed, "[t]he passage of this measure ensures that Government employees will be subject to the same protection against arbitrary employment [discrimination] based on age as are employees in the private sector." 120 Cong.Rec. 8768 (1974). Moreover, as the Seventh Circuit noted in *EEOC v. Elrod*, 674 F.2d 601 (7th Cir.1982), "[t]he final enactment of the ADEA amendment in 1974 completed coverage of public employees on the same basis as private employees." *Id.* at 607.

The ADEA followed the same legislative pattern as Title VII. Title VII, like the ADEA, originally applied only to private employers who had the requisite number of employees; Title VII is limited to employers of 15 or more persons. 42 U.S.C. § 2000e(b). The language of the 1972 amendment to Title VII, and the cases applying that amendment clearly establish that Title VII's 15-employee requirement applies to both private and government employers. 42 U.S.C. § 2000e(b); *Rogero v. Noone*, 704 F.2d 518, 520 (11th Cir.1983); *Dumas v. Town of Mount Vernon, Alabama*, 612 F.2d 974, 977 (5th Cir.1980).

The parallel amendments of Title VII and ADEA were clearly motivated by the same legislative purpose. As Senator Bentson explained, the Senate approved the amendment of Title VII in 1972 on the theory "that employees of state and local governments are entitled to the same benefits and protections in equal employment as the employees in the private sector of the economy." 118 Cong.Rec. 15895 (1972). As Senator Bentsen further stated, "the principles underlying these provisions in the EEOC bill are directly applicable to the Age Discrimination in Employment Act." *Id.*

Just as Title VII was amended for the express purpose of ensuring that government and private employers would be subject to the same standards, so does it appear that in amending the ADEA in 1974, Congress intended to expose government employers to the same—though no broader—coverage as that of private employers. There is no reason to presume that Congress intended the ADEA to place state and local government employers on anything other than equal footing as private employers—all of whom are subject to liability under the ADEA only if they have the requisite number of employees. Moreover, it would be unreasonable to presume that Congress intended the Title VII amendment to apply that statute's numerical employee minimum to government and private employers alike, but did not intend the ADEA amendment to do the same.

■ Since it is undisputed that the Wauconda Park District has not had more than three employees who have worked five days in each of twenty or more weeks during any calendar year since 1981, the Park District does not meet the ADEA's definition of employer, a necessary prerequisite to the ADEA's applicability. For that reason, defendant's motion to dismiss will be granted.

---

2. The federal courts have recognized the "important similarities" between Title VII and the ADEA in terms of their objectives, substantive prohibitions, and legislative histories. *Lorillard v. Pons*, 434 U.S. 575, 584, 98 S.Ct. 866, 872, 55 L.Ed.2d 40 (1978); *EEOC v. Elrod*, 674 F.2d 601, 607 (7th Cir.1982).