William A. PRICE, Sr., Plaintiff,

v.

The COUNTY OF ERIE, A Municipal Corporation; Edward J. Rutkowski, individually and in his capacity as County Executive of the County of Erie; Richard Heller, Individually and in his capacity as Director, Erie County Division of Purchase; William J. Jackson, individually and in his capacity as former Acting Director, Erie County Division of Purchase; Richard B. Solecki, individually, and in his capacity as Deputy Director, Erie County Division of Purchase; and Philip A. Trinchera, individually and in his capacity as Purchasing Supervisor, Erie County Division of Purchase, Defendants.

No. Civ.-83-351E.

United States District Court,
W.D. New York.

March 3, 1987.

Laraine Kelley, Buffalo, N.Y., for plaintiff.

Justyn E. Miller, Buffalo, N.Y., for defendants.

## MEMORANDUM and ORDER

ELFVIN, District Judge.

The plaintiff in this action had been a "buyer" in Erie County's Division of Purchase ("the Division"). He asserts that the defendants discriminated against him in failing to promote him at the time the Division had been reorganized in 1982 and thereafter, and in harassing him for the purpose of securing his retirement. Claims of age discrimination are asserted under the Age Discrimination in Employment Act ("the ADEA"), 29 U.S.C. § 621 *et seq.* and the Civil Rights Act of 1871, 42 U.S.C. § 1985(3). The plaintiff also asserts a cause of action arising under 42 U.S.C. § 1983 and claims violations of the Constitution of the State of New York and of New York's Exec-

utive Law. The individual defendants have moved to dismiss the action.

Each of the individual defendants had some relation to or supervisory power within or over the Division. Defendant Rutkowski had been the Erie County Executive during the relevant time period and continues to occupy that position. Heller has been the Director of the Division since 1981. Jackson had been an Acting Director of the Division. Solecki had been and remains the Deputy Director of the Division. Trinchera has been the Purchasing Supervisor since 1982 and prior to his appointment to that position he had been the Acting Purchasing Supervisor.

These defendants claim that they are not, in their individual capacities, employers subject to suit under the ADEA and, thus, that the plaintiff has failed to state against them a cause of action arising thereunder.

■ The ADEA proscribes, generally, certain conduct by employers, employment agencies and labor organizations. *See* 29 U.S.C. § 623. It provides that

"The term 'employer' means a person engaged in an industry affecting commerce who has twenty or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year * * *. The term also means (1) any agent of such person, and (2) a State or political subdivision of a State and any agency or instrumentality of a State or a political subdivision of a State * * *." 29 U.S.C. § 630(b).

Section 630(b) thus expressly refers to an agent of a "person" as an employer but fails so to refer to an agent of a state or its instrumentalities. The term "person" is defined as "one or more individuals, partnerships, associations, labor organizations, corporations, business trusts, legal representatives, or any organized groups of persons." 29 U.S.C. § 630(a). Such definition conspicuously omits a state or its instrumentalities. A fair reading of the statute's language is that agents of a state's instrumentalities—such as the individual defendants in this action—are not employers within the contours of the ADEA and may not be sued individually. *McCroan v. Bailey*, 543 F.Supp. 1201, 1210 (S.D.Ga.1982).

The plaintiff claims that this reading of the ADEA is incorrect and is not supported in case law. He has, however, cited no cases in support of his position and this Court has found none. The plaintiff's suggestion that the ADEA had been intended to apply to agents of states and their instrumentalities may have more merit. It is contended that the phraseology relied upon by the defendants flows from, in effect, inartful drafting of an amendment to the ADEA.

As originally enacted in 1967, the ADEA specifically exempted government employees.[1] Congress amended section 630(b) in 1974 to include state and local government employers by simply adding clause (2) in subsection 630(b). No corresponding amendment to clause (1) or subsection 630(a) was made. The plaintiff has cited no other legislative history and this Court is not convinced that Congress's method of amending the Act can be utilized to negate the clear language of the statute as amended. This Court refuses to infer congressional ineptitude.

Other courts, construing other portions of the ADEA, have cited legislative history clearly suggesting that the 1974 amendment had been intended to secure for government employees the same protection previously afforded employees in the private sector. *Equal Employment Opportunity Commission v. Elrod*, 674 F.2d 601 (7th Cir.1982); *Kelly v. Waucondo Park Dist.*, 612 F.Supp. 1201 (N.D.Ill.1985), *aff'd*, 801 F.2d 269 (7th Cir.1986). Reading the statute to preclude a remedy against agents of states and their instrumentalities marginally distinguishes protections afforded private sector versus public sector employees in contravention of the legisla-

---

1. As enacted it stated: "but such term ["employer"] does not include * * * a State or a political subdivision of a State." 29 U.S.C. § 630(b).

tive intent. Nevertheless, Congress's amendments to title VII, 42 U.S.C. § 2000e et seq., made shortly before the 1974 amendment of the ADEA convinces this Court that the language used in the ADEA amendment should not be construed as simply inartful.

Title VII, like the ADEA, originally applied only to certain private employers. The pertinent part of the definitional section of the ADEA appears to be fashioned closely on similar provisions in title VII. As in subsection 630(a) of the ADEA, subsection 2000e(a) of title VII defines the term "person" and as in subsection 630(b) of the ADEA, subsection 2000e(b) of title VII defines the term "employer" and contains within that term the agents of persons. In 1972, title VII was amended to apply its proscriptions to state and local governments. The effective scope of title VII was so broadened by changing the definition of the term "person" to include governments, governmental agencies and political subdivisions. See 42 U.S.C. § 2000e(a). By changing the definition of a person, the statute automatically and clearly designated agents of states and their political subdivisions as "employers." Congress failed to follow this pattern in the 1974 ADEA amendment. Given the present language of the ADEA and Congress's apparent disregard of the 1972 amendment to title VII, this Court finds that the plaintiff's ADEA claim against the individual defendants fails to state a cause of action upon which relief can be granted.

These individual defendants also claim that the ADEA provides an exclusive federal remedy for the redress of age discrimination in employment and, therefore, that the plaintiff's claims under 42 U.S.C. §§ 1983 and 1985 must be dismissed for failure to state cognizable claims. Attention is invited to several cases in support of the proposition that the ADEA cannot be used as a basis for actions brought under sections 1983 and 1985. *See Great American Fed. S. & L. Assn. v. Novotny*, 442 U.S. 366, 99 S.Ct. 2345, 60 L.Ed.2d 957 (1979); *Morgan v. Humboldt County School Dist.*, 623 F.Supp. 440 (D.C.Nev.

1985); *McCroan v. Bailey*, 543 F.Supp. 1201 (S.D.Ga.1982). These cases make it clear that causes of action based solely upon the ADEA and brought pursuant to sections 1983 and 1985(3) are not cognizable. However, causes of action brought under sections 1983 and 1985 seeking redress for violations of rights independent of those protected by the ADEA *are* cognizable. *See Great American Fed. S. & L. Assn. v. Novotny, supra,* 442 U.S. at 377–378, 99 S.Ct. at 2351–52. *Cf. Trigg v. Fort Wayne Community Schools,* 766 F.2d 299 (7th Cir.1985); *Day v. Wayne County Bd. of Auditors,* 749 F.2d 1199, 1205 (6th Cir. 1984).

Here, the plaintiff has claimed that he had wrongfully been deprived of his property interest in his employment and that his termination because of his age had been a violation of the Equal Protection Clause of the Fourteenth Amendment. These causes of action are based not upon a substantive violation of the ADEA but rather upon substantive violations of the United States Constitution. The decision in *Great American Fed. S. & L. Assn. v. Novotny, supra,* does not preclude the claims asserted here under sections 1983 and 1985(3).

These individual defendants further seek to have the section 1983 and section 1985 causes of action dismissed against them. The basis for such relief is that state action does not exist. This Court, however, finds no basis to support this allegation.

For the reasons stated above, it is hereby ORDERED that the individual defendants' motion to dismiss the ADEA claim against them is granted and that the defendants' motion to dismiss is in all other respects denied.