**Florence SAGARINO, Plaintiff,**

v.

**TOWN OF DANVERS and Paul L. Kenny, Defendants.**

**Civ. A. No. 89–2954–T.**

United States District Court,
D. Massachusetts.

Nov. 6, 1990.

Richard L. Dahlen, Salon & Danis, P.C., Boston, Mass., for plaintiff.

Harry L. Manion III and John J. McGlone III, Cooley, Manion, Moore & Jones, P.C., Boston, Mass., for defendants.

## MEMORANDUM

TAURO, District Judge.

Plaintiff brought this action for age and sex discrimination [1] against defendants Town of Danvers and Paul Kenny. Defendant Town of Danvers employed plaintiff, now 62 years old, as a legal secretary from April 28, 1971 until June 22, 1989. Defendant Paul Kenny ("Kenny") served as Town Counsel during that period. Plaintiff's complaint essentially alleges that Kenny constructively discharged her in order to replace her with a younger secretary. *See* Complaint at ¶ 8. Defendants deny plaintiff's allegations.

On October 5, 1990, defendant Kenny filed a motion for partial summary judgment, asserting that he is entitled to judg-

---

1. In her original complaint, plaintiff alleged age discrimination under two federal statutes, the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621 et seq., and the Fair Labor Standards Act, 29 U.S.C. § 216, and both age and sex discrimination under Mass. Gen.L. ch. 151B, § 4. On October 12, 1990, plaintiff filed a motion to amend her complaint, asserting 42 U.S.C. § 2000e et seq. ("Title VII") as an additional statutory basis for her claim of age and sex discrimination. At a hearing on October 22, 1990, this court denied plaintiff's motion to amend.

ment on that part of plaintiff's complaint brought against him under the Age Discrimination in Employment Act ("ADEA"). Specifically, Kenny argues that he is not an "employer" under the ADEA, and is therefore not subject to suit under that statute. Plaintiff, on the other hand, suggests that no distinction exists between the Title VII and ADEA definitions of "employer," and that since Kenny is clearly an employer under Title VII, he is also an employer under the ADEA.

Under the ADEA's definition, "the term 'employer' means a person engaged in an industry affecting commerce who has twenty or more employees ... [and] (1) any agent of such a person, and (2) a State or political subdivision of a State...." 29 U.S.C. § 630(b). Title VII, on the other hand, defines "employer" as "a person engaged in an industry affecting commerce who has fifteen or more employees ... and any agent of such a person." 42 U.S.C. § 2000e. The statutes further define the term "person." The ADEA definition of "person" does *not* include states and their political subdivisions, 29 U.S.C. § 630(a), whereas Title VII's definition of "person" includes political subdivisions. 42 U.S.C. § 2000e(a).

In *Ditch v. Board of County Commissioners*, 650 F.Supp. 1245, 1251 (1986), *modified on other grounds*, 669 F.Supp. 1553 (D.Kan.1987), Judge Saffels explained the difference between the definitions of "employer" and "person" in the two statutes:

> Title VII's definition of employer includes a person engaged in an industry affecting commerce *and any agent of such a person.* Title VII's definition of person includes political subdivisions....

In enacting the ADEA, Congress explicitly excluded states and their political subdivisions from the definition of person, opting rather to include them as a separate and distinct category of employer. Within one sentence, Congress established the separate and distinct liability of (1) agents of persons and (2) states and political subdivisions. Congress made no provision for agents of states and political subdivisions. It would have only required the insertion of the short phase "and their agents" in 29 U.S.C. § 630(b)(2) to express Congress' intent to hold individuals such as these defendants liable for age discrimination. If ever the maxim *expressio unius est exclusio alterius* is applicable, it is this situation.

(citations omitted) (emphasis in original). Although the District of South Carolina reached a different result, *see Coffin v. South Carolina Dept. of Social Services*, 562 F.Supp. 579 (D.S.C.1983)[2], this court agrees with the majority of courts that have considered this issue and holds that agents of a state or political subdivision of a state are not employers within the meaning of 29 U.S.C. § 630(b). *See Price v. County of Erie*, 654 F.Supp. 1206, 1207 (W.D.N.Y.1987) ("A fair reading of the statute's language is that agents of a state's instrumentalities ... are not employers within the contours of the ADEA and may not be sued individually."); *Young v. Sedgwick County*, 660 F.Supp. 918, 924 (D.Kan.1987); *McCroan v. Bailey*, 543 F.Supp. 1201, 1210–11 (S.D.Ga.1982).

This court therefore concludes that defendant Kenny, as an agent of the Town of Danvers, is not an "employer" under the ADEA, and is therefore not subject to suit under that statute.[3] As a result, defendant

---

**2.** Even the *Coffin* court recognized that "[a]lthough similar, the definition provisions of Title VII and the ADEA are not identical and, unlike the comparable Title VII provision, it is not clear from the face of the ADEA statute that the definition of 'employer' includes the agents of state agencies." 562 F.Supp. at 589.

**3.** The two cases plaintiff cites in her opposition to Kenny's motion are not directly on point. *Goodman v. Board of Trustees*, 498 F.Supp. 1329 (N.D.Ill.1980), for example, involved an age discrimination action against both a state college

and its president. The court held that since the president was an agent of the college, he was an "employer" within the meaning of the ADEA. *Id.* at 1336. *Goodman* did not address the issue here, namely, whether an agent of a political subdivision of a state is an employer under the ADEA. *Kelly v. Wauconda Park Dist.*, 612 F.Supp. 1201 (N.D.Ill.1985), *aff'd* 801 F.2d 269 (7th Cir.1986), *cert. denied*, 480 U.S. 940, 107 S.Ct. 1592, 94 L.Ed.2d 781 (1987) is also inapposite to the instant case. *Kelly* involved whether Congress intended the ADEA to apply to govern-

Kenny's motion for partial summary judgment is hereby GRANTED.

---

ment employers of less than twenty employees. *Id.* at 1202.