Gwendolyn **CARMEN**, Plaintiff,

v.

**SAN FRANCISCO UNIFIED SCHOOL DISTRICT, et al., Defendants.**

**No. C 93–1551 MEJ.**

United States District Court, N.D. California.

Nov. 10, 1997.

---

David E. Brown, Sacramento, CA.

Darren W. Lee, Deputy City Atty., San Francisco, CA, for San Francisco Unified School Dist.

### ORDER GRANTING IN PART DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS

JAMES, United States Magistrate Judge.

Before the Court is the motion of Defendants San Francisco Unified School District, Jones Wong, Delores Lemon–Thomas, Mary Twegby, Roderick Hong, Cynthia LeBlanc, and Diane Lucas for judgment on the pleadings, or in the alternative, for summary judgment. As Defendant Larry Rowell appears to have been inadvertently omitted from Defendants' papers, the Court sua sponte includes him in Defendants' motion. After careful consideration of the parties' briefs, relevant statutory authority and case law, and Good Cause Appearing, Defendants' motion is GRANTED IN PART AND DENIED IN PART for the reasons set forth below.

### BACKGROUND

Gwendolyn Carmen ("Plaintiff") is an African–American female currently employed as a day-to-day substitute teacher by the San Francisco Unified School District ("SFUSD"). Since 1992, Plaintiff has attempted unsuccessfully to become a permanent employee by applying for various positions.

On April 26, 1993, Plaintiff filed a discrimination suit against SFUSD and Jones Wong, Delores Lemon–Thomas, Mary Twegby, Roderick Hong, Cynthia LeBlanc, Diane Lucas and Larry Rowell, employees of SFUSD ("individual defendants"). Causes of action were also alleged against Plaintiff's union, United Educators of San Francisco ("Union"). Plaintiff's fourth amended complaint alleges race and age discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. sections 1981, 1983, 1985, and 1986, and the Age Discrimination in Employment Act ("ADEA") by all Defendants; violation of a consent decree by SFUSD; breach of the collective bargaining agreement by SFUSD; defamation in violation of civil rights against Lemon–Thomas, Gehlen and Lucas; and intentional infliction of emotional distress by all Defendants.

Plaintiff's claims against the Union and its agents (Mary Ahyte, Marie Gehlen and Kent Mitchell) were dismissed by the Court's order granting the Union's Motion for Summary Judgment on January 31, 1997.

Plaintiff alleges that SFUSD and the individual defendants refused to promote or permanently employ her because of her race and age, and that the individual defendants implemented discriminatory policies on behalf of SFUSD. She seeks monetary damages, punitive damages, declaratory and injunctive relief as well as attorney's fees and costs for harm suffered as a result of Defendants' actions.

On April 4, 1997, SFUSD and the individual defendants filed a motion for judgment on the pleadings, or in the alternative, summary judgment on Plaintiff's remaining causes of action. If factual matters outside the pleadings are submitted in connection with a motion for judgment on the pleadings, and are not excluded by the court, the motion must be treated as one for summary judgment under Federal Rule of Civil Procedure 56, and all parties must be given an opportunity to present all material pertinent to the motion. Fed. R. Civ. Pro. 12(c); *Hal Roach Studios, Inc. v. Richard Feiner and Co., Inc.,* 896 F.2d 1542, 1548 (9th Cir.1989). However, before summary judgment may be entered against a party, "that party must be afforded both notice that the motion is pending and an adequate opportunity to respond. Implicit in the 'opportunity to respond' is the requirement that sufficient time be afforded for discovery necessary to develop facts essential to justify [a party's] opposition to the motion." *Portland Retail Druggists Ass'n v. Kaiser Foundation Health Plan,* 662 F.2d 641, 645 (9th Cir.1981) (citations and internal quotation marks omitted).

As discovery was stayed in this action, the Court finds that a motion for summary judgment would not be appropriate at this time. Therefore, the Court addresses Defendants' Motion for Judgment on the Pleadings and restricts its review to Plaintiff's Fourth Amended Complaint and the facts alleged therein. *See* Fed. R. Civ. Pro. 12(c). Although Defendants offered extrinsic evidence in conjunction with their motion in the alter-

native for summary judgment, that evidence was excluded by the Court and was not considered in connection with Defendants' Motion for Judgment on the Pleadings.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(c) provides as follows:

After the pleadings are closed, but within such time as not to delay the trial, any party may move for judgment on the pleadings. If on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

Fed. R. Civ. Pro. 12(c) (West 1997). A motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) is directed at the legal sufficiency of a party's allegations. *Religious Tech. Ctr. v. Netcom On–Line Comm. Servs., Inc.,* 907 F.Supp. 1361, 1381 (N.D.Cal.1995). "A judgment on the pleadings is proper when there are no issues of material fact, and the moving party is entitled to judgment as a matter of law." *Id.* (citations omitted).

"Although Rule 12(c) differs in some particulars from Rule 12(b)(6), the standard applied is virtually identical." *Moran v. Peralta Community College Dist.,* 825 F.Supp. 891, 893 (N.D.Cal.1993) (citing *Miller v. Indiana Hosp.,* 562 F.Supp. 1259, 1266 (W.D.Pa.1983)). The Ninth Circuit has reviewed the standard for a motion to dismiss for failure to state a claim upon which relief can be granted:

[A] complaint should not be dismissed under Fed. R. Civ. Pro. 12(b)(6) "unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." A complaint may be dismissed as a matter of law for two reasons: (1) lack of a cognizable legal theory or (2) insufficient facts under a cognizable theory.

*Moran,* 825 F.Supp. at 893 (citation omitted) (citing *Robertson v. Dean Witter Reynolds, Inc.,* 749 F.2d 530, 533–34 (9th Cir.1984)).

"In ruling on a motion for judgment on the pleadings, district courts must accept all material allegations of fact alleged in the complaint as true, and resolve all doubts in favor of the non-moving party." *Religious Tech. Ctr. v. Netcom On–Line Communication Services, Inc.,* 907 F.Supp. at 1381; *Moran,* 825 F.Supp. at 893; *see also McGlinchy v. Shell Chem. Co.,* 845 F.2d 802, 810 (9th Cir.1988). "The court need not accept as true conclusory allegations or legal characterizations." *Religious Tech. Ctr. v. Netcom On–Line Communication Services, Inc.,* 907 F.Supp. at 1381 (citing *Western Mining Council v. Watt,* 643 F.2d 618, 624 (9th Cir.), *cert. denied,* 454 U.S. 1031, 102 S.Ct. 567, 70 L.Ed.2d 474 (1981)).

To dismiss, "it must appear to a certainty that the Plaintiff would not be entitled to relief under any set of facts that could be proved." *McGlinchy,* 845 F.2d at 810. "Although Rule 12(c) does not expressly authorize 'partial' judgments, neither does it bar them, and it is common practice to apply Rule 12(c) to individual causes of action." *Moran,* 825 F.Supp. at 893. "Courts have discretion to grant leave to amend in conjunction with 12(c) motions, and may dismiss causes of action rather than grant judgment." *Id.* (citing *Amersbach v. City of Cleveland,* 598 F.2d 1033, 1038 (6th Cir. 1979)).

In light of this standard, this Court now turns to the merits of Defendants' Motion.

## LEGAL ANALYSIS

Rule 12(c) motions may not be brought until the pleadings are closed. Fed R. Civ. P. 12(c) (West 1997). Generally, this means that a Rule 12(c) motion must await the answers of all defendants. *Moran,* 825 F.Supp. at 893. In this case, as Defendants have answered Plaintiff's Fourth Amended Complaint, the Court finds that Defendants' Rule 12(c) motion is timely.

Plaintiff's Fourth Amended Complaint alleges fifteen causes of action against various defendants. Summary judgment for the Union and its representatives on all causes of action alleged against these defendants was entered on January 31, 1997. Fourteen

causes of action remain. Rather than treat each cause of action separately, the Court's analysis will deal first with claims arguably barred by the Eleventh Amendment, then state law claims, the consent decree, breach of the collective bargaining agreement, declaratory relief and injunctive relief.

## I. ELEVENTH AMENDMENT BARS CERTAIN OF PLAINTIFF'S CLAIMS

The Eleventh Amendment bars suits brought against States in federal court when the State has not waived its sovereign immunity. *See Seminole Tribe of Florida v. Florida*, 517 U.S. 44, ——, 116 S.Ct. 1114, 1122 (1996); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98, 104 S.Ct. 900, 906–07, 79 L.Ed.2d 67 (1984). The Eleventh Amendment provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. Const. amend. XI. This jurisdictional limitation recognizes that the States retain certain attributes, including sovereign immunity, although they are part of the federal structure. *See, e.g., Seminole Tribe*, 517 U.S. at ——, 116 S.Ct. at 1122; *Pennhurst*, 465 U.S. 89, 98, 104 S.Ct. 900, 906–07, 79 L.Ed.2d 67 (1984). In the absence of consent by the State, an action may only be brought against the State if Congress has expressly abrogated the States' sovereign immunity. *See Pennhurst*, 465 U.S. at 100, 104 S.Ct. at 907–08.

Although the Eleventh Amendment speaks to suits brought by citizens of other States or of foreign states, the immunity extends to suits brought against a State by its own citizens. *See Edelman v. Jordan*, 415 U.S. 651, 662–63, 94 S.Ct. 1347, 1355–56, 39 L.Ed.2d 662 (1974); *Eaglesmith v. Ward*, 73 F.3d 857, 859 (9th Cir.1995) (affirming dismissal of Section 1983 claim against California school superintendent on Eleventh Amendment grounds). In some instances, Eleventh Amendment immunity may also apply to officials of the State, because "an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *See Kentucky v. Graham*, 473 U.S.

159, 166, 105 S.Ct. 3099, 3105, 87 L.Ed.2d 114 (1985); *accord Edelman*, 415 U.S. at 663, 94 S.Ct. at 1355–56. Because Plaintiff's suit names an entity of the State of California as a defendant, namely SFUSD and its officials, certain of her claims are barred by the Eleventh Amendment. These claims are discussed further *infra* in Parts II and III.

## II. SFUSD

### A. SFUSD IS A STATE ACTOR ENTITLED TO ELEVENTH AMENDMENT IMMUNITY

Because States are immune from suit under the Eleventh Amendment, suits against State agencies in which a judgment would be satisfied out of public funds are also prohibited. *See, e.g., Quern v. Jordan*, 440 U.S. 332, 337, 99 S.Ct. 1139, 1143, 59 L.Ed.2d 358 (1979) ("[A] suit in federal court by private parties seeking to impose a liability which must be paid from public funds in the state treasury is barred by the Eleventh Amendment."). School districts in California are considered to be state agencies for Eleventh Amendment purposes. *See Belanger v. Madera Unified Sch. Dist.*, 963 F.2d 248, 251 (9th Cir.1992), *cert. denied*, 507 U.S. 919, 113 S.Ct. 1280, 122 L.Ed.2d 674 (1993) (applying a multi-factor balancing test to determine whether agency is a state actor for Eleventh Amendment purposes, originally set forth in *Mitchell v. Los Angeles Community College Dist.*, 861 F.2d 198 (9th Cir.1988), *cert. denied*, 490 U.S. 1081, 109 S.Ct. 2102, 104 L.Ed.2d 663 (1989)); *cf. Cerrato v. San Francisco Community College Dist.*, 26 F.3d 968, 972 (9th Cir.1994) (community college districts are dependent instrumentalities of the State of California, entitled to Eleventh Amendment immunity). As SFUSD has not consented to suit in this case, Plaintiff's claims for all but prospective (i.e., injunctive) relief are barred unless Congress has expressly abrogated the States' sovereign immunity from suit in the statute under which she sues. Injunctive relief is available when a plaintiff sues the officials of a State in their official capacities. *See, e.g., Ex Parte Young*, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908). Injunctive relief is discussed further in Part III, *infra*.

### B. CLAIMS AGAINST SFUSD

#### 1) SECTION 1981

■ Section 1981 was originally passed as part of the Civil Rights Act of 1866 during the Reconstruction era. It provides in relevant part:

All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishments, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

42 U.S.C. § 1981(a).

Many courts have held that there is no abrogation of the Eleventh Amendment with respect to section 1981. *See, e.g., Freeman v. Michigan Dep't of State,* 808 F.2d 1174 (6th Cir.1987); *Rucker v. Higher Educational Aids Bd.,* 669 F.2d 1179 (7th Cir.1982); *Sessions v. Rusk State Hosp.,* 648 F.2d 1066 (5th Cir.1981). While other cases have found that "at least a colorable argument can be made that a section 1981 claim can lie against the State," *Simmons v. State of California, Dep't of Industrial Relations,* 740 F.Supp. 781, 788 (E.D.Cal.1990) (noting that sections 1981 and 1983 had been distinguished by *Sethy v. Alameda County Water Dist.,* 545 F.2d 1157 (9th Cir.1976)), the Ninth Circuit is silent on this issue and the Court declines to hold that the Eleventh Amendment has been abrogated with respect to section 1981 claims. Therefore, the Court GRANTS Defendants' motion as to the section 1981 claim and DISMISSES WITH PREJUDICE Plaintiff's section 1981 claim against SFUSD.

#### 2) SECTION 1983

■ Section 1983 was originally enacted with sections 1985 and 1986 as part of the Civil Rights Act of 1871. It provides:

Every person who, under color of any statute, ordinance, regulation, custom or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

■ Eleventh Amendment immunity has not been abrogated with respect to section 1983 claims. *Quern v. Jordan,* 440 U.S. 332, 341–42, 99 S.Ct. 1139, 1145–46, 59 L.Ed.2d 358, (1979); *Alabama v. Pugh,* 438 U.S. 781–82, 98 S.Ct. 3057–58, 57 L.Ed.2d 1114 (1978). In addition, by its terms, section 1983 applies to "persons" acting under color of law. In *Monroe v. Pape,* the Supreme Court held that section 1983 was not applicable to government entities. 365 U.S. 167, 190–92, 81 S.Ct. 473, 485–87, 5 L.Ed.2d 492 (1961). This holding was reiterated in *Will v. Michigan Dep't of State Police,* 491 U.S. 58, 71, 109 S.Ct. 2304, 2312, 105 L.Ed.2d 45 (1989), in which the Court held, "[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983." The *Will* Court further noted,

Section 1983 provides a federal forum to remedy many deprivations of civil liberties, but it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties. The Eleventh Amendment bars such suits unless the State has waived its immunity, or unless Congress has exercised its undoubted power under § 5 of the Fourteenth Amendment to override that immunity.

491 U.S. at 66, 109 S.Ct. at 2309–10 (citation omitted).

■ It is clear that SFUSD may not be sued under 42 U.S.C. section 1983. Nor is SFUSD a "municipality" falling under the *Monell* exception. *See Monell v. Dep't of Social Services,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). The Ninth Circuit has specifically held that under California law, school districts are considered state agencies for purposes of the Eleventh Amendment. *See Belanger,* 963 F.2d at 251. SFUSD enjoys Eleventh Amendment immunity for section 1983 claims, and at any rate is not subject to section 1983 claims because it is not a "person" within the meaning of the

statute. Therefore, the Court GRANTS Defendants' motion as to this claim and DISMISSES WITH PREJUDICE Plaintiff's section 1983 claim against SFUSD.

### 3) *SECTION 1985*

Section 1985, as noted above, was enacted as part of the Civil Rights Act of 1871, also known as the Ku Klux Klan Act. The statute provides in relevant part:

> If two or more persons in any State or Territory conspire, or go in disguise on the highway or on the premises of another, for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities of the laws; or for the purpose of preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within such State or Territory the equal protection of the laws; ... [then] if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or his property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages, occasioned by such injury or deprivation, against any one or more of the conspirators.

42 U.S.C. § 1985(3).

A section 1985 claim cannot lie where Plaintiff has failed to state a cause of action for a section 1983 claim. *Caldeira v. County of Kauai,* 866 F.2d 1175, 1182 (9th Cir.), *cert. denied,* 493 U.S. 817, 110 S.Ct. 69, 107 L.Ed.2d 36 (1989). "[T]he absence of a section 1983 deprivation of rights precludes a section 1985 claim predicated on the same allegations." *Id.* (citations omitted).

In addition, courts have held that the term "person," as used in section 1985, has the same meaning as "person," as used in section 1983. *See, e.g., Zombro v. Baltimore City Police Dep't,* 868 F.2d 1364, 1370–71 (4th Cir.), *cert. denied,* 493 U.S. 850, 110 S.Ct. 147, 107 L.Ed.2d 106 (1989); *Santiago v. New York State Dep't of Correctional Servs.,* 725 F.Supp. 780 (S.D.N.Y.1989), *rev'd on other grounds,* 945 F.2d 25 (2d Cir.1991);

*Culler v. South Carolina Dep't of Soc. Servs.,* 33 F.E.P. 1590 (D.S.C.1984); *see also* 6 Lex K. Larson, Employment Discrimination § 103.05 (2d ed.1997). As discussed in section II.B.2 above, since SFUSD is not a "person," and cannot go in disguise upon the highway or conspire with others as required under the statute, a claim under section 1985 will not lie against it.

Further, while the Ninth Circuit has not directly addressed this issue, numerous courts have held that the actions of a single employer and its representatives cannot constitute a conspiracy under section 1985(3). *See* 1 Barbara Lindemann & Paul Grossman, Employment Discrimination Law 961–62 (3d ed.1996); *Hull v. Cuyahoga Valley Joint Vocational School Dist. Bd. of Educ.,* 926 F.2d 505, 509 (6th Cir.) (school district superintendent, executive director, and school administrator were not distinct "people" to form a conspiracy), *cert. denied,* 501 U.S. 1261 (1991); *Bond v. IMFS, Inc.,* 727 F.2d 770 (8th Cir.1984); *Herrmann v. Moore,* 576 F.2d 453 (2d Cir.), *cert. denied,* 439 U.S. 1003 (1978); *Dombrowski v. Dowling,* 459 F.2d 190, 196 (7th Cir.1972); *but see Padway v. Palches,* 665 F.2d 965, 968–69 (9th Cir.1982) (dictum; "[W]e have never held that it is impossible to have a conspiracy between trustees (or directors) and employees of a single corporation. It may be possible under some circumstances.")

Therefore, Defendants' motion is GRANTED as to this claim and Plaintiff's section 1985 claim is DISMISSED WITH PREJUDICE as to SFUSD.

### 4) *SECTION 1986*

Section 1986 provides in pertinent part:

> Every person who, having knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 of this title, are about to be committed, and having the power to prevent or aid in preventing the commission of the same, neglects or refuses to do so, if such wrongful act be committed, shall be liable to the party injured .... for all damages caused by such wrongful act,

which such person by reasonable diligence could have prevented.

42 U.S.C. § 1986.

A claim exists under section 1986 "only if the complaint contains a valid claim under § 1985." *McCalden v. California Library Ass'n,* 955 F.2d 1214, 1223 (9th Cir. 1990), *cert. denied,* 504 U.S. 957, 112 S.Ct. 2306 (1992). In addition, the Court finds that the definition of "person" in section 1986 is the same as in sections 1983 and 1985, and therefore does not apply-to SFUSD. *See discussion* in Parts II.B.2 and II.B.3, *supra.* Since Plaintiff has failed to state a cause of action upon which relief may be granted as to the section 1985 claim, the Court GRANTS Defendants' motion as to the section 1986 claim. Plaintiff's section 1986 claim against SFUSD is DISMISSED WITH PREJUDICE.

### 5) *TITLE VII*

Plaintiff's fourth cause of action alleges violations of Title VII. Defendants contend that SFUSD enjoys Eleventh Amendment immunity from Title VII actions. This argument is incorrect.

Where Congress has specifically expressed an intent to abrogate the States' Eleventh Amendment rights as to a particular statute, and has acted under a valid exercise of power, sovereign immunity does not apply. *See Seminole Tribe,* 517 U.S. at ——, 116 S.Ct. at 1114. In the case of Title VII, Congress abrogated the States' immunity, such that actions may be properly brought against a State or one of its agencies. *See Fitzpatrick v. Bitzer,* 427 U.S. 445, 96 S.Ct. 2666, 49 L.Ed.2d 614 (1976); *accord Cerrato v. San Francisco Community College Dist.,* 26 F.3d 968 (9th Cir.1994).

Plaintiff has stated a claim for violation of Title VII against SFUSD. Plaintiff's Fourth Amended Complaint alleges the following facts: Plaintiff is African–American; Plaintiff applied for numerous teaching positions with SFUSD and was denied promotion; Plaintiff was qualified for the positions for which she applied; Plaintiff received "satisfactory" and "above satisfactory" performance reviews in all past positions; Plaintiff sought, but was not awarded, probationary status with SFUSD in March of 1992; Plaintiff learned in September 1992 that SFUSD had hired younger teachers of Chinese descent who lacked the proper credentials for the positions for which they were hired; and Plaintiff has been retaliated against by SFUSD for prosecution of her civil action.[1] Plaintiff may properly bring suit against SFUSD for violations of Title VII. Defendants' motion is DENIED as to the Title VII claims. Plaintiff's Title VII claims against SFUSD remain.

### 6) *ADEA*

The Court initially notes that Plaintiff has failed to allege that she is a member of the class protected by the ADEA, namely persons over forty years of age. Since it appears to be undisputed that Plaintiff is in fact over forty, the Court considers the Defendants' other arguments. Defendants contend that Eleventh Amendment immunity applies to ADEA claims in addition to civil rights claims.

The issue of whether Congress abrogated the States' sovereign immunity as to the ADEA is one of first impression in the Ninth Circuit, and has not been taken up to date by the Supreme Court. However, in *Seminole Tribe v. Florida,* 517 U.S. 44, 116 S.Ct. 1114, 134 L.Ed.2d 252 (1996), the Court announced a two-part test to determine whether the States' Eleventh Amendment immunity has been abrogated by Congress with respect to particular legislation. The Court must inquire first, whether Congress has "unequivocally expresse[d] its intent to abrogate the immunity," and second, whether Congress has acted pursuant to a valid exercise of power. *Seminole Tribe,* 517 U.S. at ——, 116 S.Ct. at 1123.

In *Seminole Tribe,* the Court overruled an earlier case, *Pennsylvania v. Union Gas Co.,*

---

1. The Court is aware that Defendants have submitted extrinsic evidence challenging the allegations of Plaintiff's complaint. However, Rule 12(c) prohibits consideration of extrinsic evidence on a Motion for Judgment on the Pleadings, and this evidence was accordingly excluded by the Court. Defendants are free to resubmit this evidence on a Motion for Summary Judgment at a later date.

491 U.S. 1, 109 S.Ct. 2273, 105 L.Ed.2d 1 (1989), which had held that the Commerce Clause gave Congress the power to abrogate the States' Eleventh Amendment immunity, in addition to its power under section five of the Fourteenth Amendment. *See Seminole Tribe,* 517 U.S. at ——, 116 S.Ct at 1128. After *Seminole Tribe,* section five of the Fourteenth Amendment remains as the sole authority by which Congress may abrogate the States' immunity. *Id.* at ——, 116 S.Ct. at 1125. As a result, to determine whether Eleventh Amendment immunity has been abrogated as to the ADEA, the Court must look to whether: (1) Congress unequivocally expressed its intent to abrogate the States' immunity when enacting the ADEA; and (2) whether the ADEA was enacted pursuant to section five of the Fourteenth Amendment.

The Tenth Circuit recently addressed these issues in *Hurd v. Pittsburg State University (Hurd III),* 109 F.3d 1540 (10th Cir. 1997), and conducted the two-pronged inquiry outlined in *Seminole Tribe.* The *Hurd III* court reaffirmed its earlier approval of the district court's decision, which had concluded that Congress had intended to abrogate State sovereign immunity with respect to the ADEA, as amended in 1974. 109 F.3d at 1543 & n. 4. The district court noted,

> The ADEA defines "employer" (the class of potential defendants in age discrimination cases) to include "a State or political subdivision of a State or any agency or instrumentality of a State." An "employer" who violates the ADEA is liable for legal and equitable relief.... Congress has made its intention to abrogate the states' Eleventh Amendment immunity crystal clear by providing that states which violate the ADEA are liable for legal and equitable relief. This court believes that the ADEA's express authorization for the maintenance of suits against state employers adequately demonstrates congressional intent that the States' Eleventh Amendment immunity be abrogated in suits under the ADEA. *Hurd v. Pittsburg State University (Hurd I),* 821 F.Supp. 1410, 1413 (D.Kan.1993) (citations omitted).

*Hurd III* further affirmed the lower court's holding that the 1974 amendments were enacted pursuant to Congress' power under section five of the Fourteenth Amendment, and noted that the circuit courts were in agreement on the issue. 109 F.3d at 1544–45. *See also Davidson v. Board of Governors,* 920 F.2d 441, 443 (7th Cir.1990); *Ramirez v. Puerto Rico Fire Serv.,* 715 F.2d 694, 699–700 (1st Cir.1983); *Arritt v. Grisell,* 567 F.2d 1267, 1270–71 (4th Cir.1977); *Santiago v. New York State Dep't of Correctional Servs.,* 945 F.2d 25, 31 (2d Cir.1991), *cert. denied,* 502 U.S. 1094, 112 S.Ct. 1168, 117 L.Ed.2d 414 (1992) (dicta).

The Court finds the reasoning of the *Hurd* cases persuasive and adopts their holding. Because Congress expressly intended to abrogate the States' sovereign immunity with respect to the ADEA, and acted pursuant to a valid exercise of power under section five of the Fourteenth Amendment, Eleventh Amendment immunity is not available to States and their agencies for claims under the ADEA. Defendants' motion is DENIED as to Plaintiff's ADEA claim. Plaintiff's ADEA claim against SFUSD remains.

## 7) *STATE LAW CLAIMS*

■ Plaintiff has also alleged claims for defamation in violation of civil rights and intentional infliction of emotional distress. However, these claims cannot properly be asserted against SFUSD and its officials in this court. "[T]he Eleventh Amendment deprives federal courts [of] jurisdiction to order state actors to comply with state law.... It is difficult to think of a greater intrusion on state sovereignty than when a federal court instructs state officials on how to conform their conduct to state law." *Gilbreath v. Cutter Biological, Inc.,* 931 F.2d 1320, 1327 (9th Cir.1991) (quoting *Pennhurst,* 465 U.S. at 106, 104 S.Ct. at 911) (internal quotation marks omitted). Nor is *Ex Parte Young,* which permits claims for injunctive relief only against a State, applicable to state law claims. *Holmes v. California Army Nat'l Guard,* 920 F.Supp. 1510, 1520 (N.D.Cal. 1996) (citation omitted), *rev'd on other grounds,* 124 F.3d 1126 (9th Cir.1997). Accordingly, the Court DISMISSES WITH PREJUDICE Plaintiff's state law claims against SFUSD and the individual defendants in both capacities.

## III. INDIVIDUAL DEFENDANTS

### A. OFFICIAL–CAPACITY DEFENDANTS MAY ASSERT ELEVENTH AMENDMENT IMMUNITY

Defendants also seek to dismiss Plaintiff's claims for federal civil rights violations against the individual defendants, on the ground that the Eleventh Amendment immunizes officials of a State agency who act within the scope of their employment.

■ While the Eleventh Amendment provides States and their instrumentalities with immunity from suit in federal court when the State has not consented to suit and Congress has not abrogated the States' sovereign immunity, this immunity is not absolute. Beginning with *Ex Parte Young* in 1908, courts have recognized an exception where a suit for prospective relief is brought against an official of the State, in an official capacity. *Ex Parte Young*, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908); *see, e.g., Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 102–03, 104 S.Ct. 900, 909, 79 L.Ed.2d 67 (1984) (citing *Edelman v. Jordan*, 415 U.S. 651, 666–67, 94 S.Ct. 1347, 1357–58, 39 L.Ed.2d 662 (1974)); *Bair v. Krug*, 853 F.2d 672, 675 (9th Cir.1988) ("[T]he eleventh amendment bars actions against state officers sued in their official capacities for past alleged misconduct involving a complainant's federally protected rights, where the nature of the relief sought is retroactive, i.e., money damages, rather than prospective, e.g., an injunction"). No other relief is available against the State. Discussing a section 1983 claim, the Court noted, "[A] federal court's remedial power, consistent with the Eleventh Amendment, is necessarily limited to prospective injunctive relief ... and may not include a retroactive award which requires the payment of funds from the state treasury." *Quern v. Jordan*, 440 U.S. 332, 338, 99 S.Ct. 1139, 1143–44, 59 L.Ed.2d 358 (1979) (quoting *Edelman*, 415 U.S. at 677, 94 S.Ct. at 1362–63).

■ Eleventh Amendment immunity does not apply, however, where a State official is sued for a violation of federal law. *Ex Parte Young*, 209 U.S. at 159–60, 28 S.Ct. at 453–54. "[A]n action by a state officer that violates federal law is not considered an action of the state and, therefore, the officer is not shielded by the state's sovereign immunity." *Pennhurst*, 465 U.S. at 102, 104 S.Ct. at 909. In such a case, damages may be available for civil rights claims brought against individual defendants in their personal capacity. *See, e.g., Cerrato*, 26 F.3d at 973.

With this in mind, the Court now turns to the allegations of Plaintiff's complaint.

### B. CLAIMS AGAINST INDIVIDUAL DEFENDANTS

#### 1. SECTIONS 1981, 1983, 1985 AND 1986

It is unclear from the complaint whether Plaintiff is suing the individual defendants in their official or personal capacities for her section 1981, 1983, 1985 and 1986 claims. As one court noted regarding civil rights claims, "[I]n many cases, the complaint will not clearly specify whether officials are sued personally, in their official capacity, or both. 'The course of proceedings' in such cases typically will indicate the nature of the liability sought to be imposed." *Kentucky v. Graham*, 473 U.S. 159, 167 n. 14, 105 S.Ct. 3099, 3106 n. 14, 87 L.Ed.2d 114 (1985) (citation omitted). Viewing the complaint in the light most favorable to Plaintiff, at this time the Court must assume that the plaintiff has alleged violations of her civil rights by the individual defendants in both capacities.

■ However, as noted previously, under *Ex Parte Young* and its progeny, the remedies available against the individual defendants for section 1981, 1983, 1985 and 1986 claims depend on whether they are sued in their official or personal capacities. *See* Part III.A, *supra*. Plaintiff is limited to injunctive and declaratory relief against the individual defendants in their official capacities, and damages against the individual defendants in their personal capacities. *See, e.g., Sattar v. Unocal Corp.*, 829 F.Supp. 331, 334 (N.D.Cal.1993) (holding that the Civil Rights Act of 1991 excluded recovery from individuals under section 1981(a)); *Parents for Quality Educ. with Integration, Inc.*, 662 F.Supp. 1475, 1482 (N.D.Ind.1987) (holding that relief available against state officials for violations of section 1981, 1983 and 1985 is

strictly limited to prospective relief). By implication, the same is true for 1986 claims.

 Defendants argue that Plaintiff has not alleged sufficient facts to overcome the individual defendants' qualified immunity as government officials and hold them liable in their personal capacities for civil rights violations. The doctrine of qualified immunity is an affirmative defense which protects public officials from personal liability when performing discretionary functions. *See Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982). Officials are shielded by qualified immunity "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Id.; accord Cohen v. San Bernardino Valley College,* 92 F.3d 968, 973 (9th Cir.1996), *cert. denied,* — U.S. —, 117 S.Ct. 1290, 137 L.Ed.2d 364 (1997) (liability is established when the Court determines that a reasonable person would have known that the action clearly violates a citizen's right). The Court looks to whether "the contours of the right [are] sufficiently clear that a reasonable official would understand that a reasonable official would understand that what he is doing violates that right." *Anderson v. Creighton,* 483 U.S. 635, 640, 107 S.Ct. 3034, 3039, 97 L.Ed.2d 523 (1987).

 Deciding what a reasonable official would have known in a given situation to determine whether the affirmative defense of qualified immunity applies necessarily requires a factual determination. Factual determinations are not properly before the Court on a Motion for Judgment on the Pleadings. Accordingly, the Court will not rule on the issue of qualified immunity at this time; however, defendants are free to raise this issue in a motion for summary judgment at a later date.

Defendants' Motion is GRANTED as to the individual defendants in their official capacities for claims under sections 1981, 1983, 1985 and 1986 for retroactive relief (i.e., damages) only. The motion is DENIED as to the section 1981, 1983, 1985 and 1986 claims against the individual defendants in their official capacities for injunctive and declaratory relief, and DENIED as to the section 1981, 1983, 1985 and 1986 claims against the individual defendants in their personal capacities for retroactive relief. Plaintiff's section 1981, 1983, 1985 and 1986 claims against the individual defendants in their official capacities for retroactive relief are DISMISSED WITH PREJUDICE.

### 2. *TITLE VII AND ADEA*

 Plaintiff has also alleged discrimination in violation of Title VII and the ADEA by the individual defendants. It is well-settled that employees cannot be held liable under Title VII or the ADEA in their personal capacity. *See Miller v. Maxwell's Int'l,* 991 F.2d 583, 587 (9th Cir.1993), *cert. denied,* 510 U.S. 1109, 114 S.Ct. 1049, 127 L.Ed.2d 372 (1994); *Ortez v. Washington County,* 88 F.3d 804, 808 (9th Cir.1996); *accord Greenlaw v. Garrett,* 59 F.3d 994, 1001 (9th Cir.1995), *cert. denied,* — U.S. —, 117 S.Ct. 110, 136 L.Ed.2d 63 (1996); *Smith v. Lomax,* 45 F.3d 402, 403 n. 4 (11th Cir. 1995); *Birkbeck v. Marvel Lighting Corp.,* 30 F.3d 507, 510 (4th Cir.), *cert. denied,* 513 U.S. 1058, 115 S.Ct. 666, 130 L.Ed.2d 600 (1994). Further, individual defendants acting on behalf of a State cannot be liable under the ADEA in any capacity as they do not fall within the definition of "employer" under the statute. *See, e.g., Miller,* 991 F.2d at 587 ("[I]t is inconceivable that Congress intended to allow civil liability to run against individual employees"); *Price v. County of Erie,* 654 F.Supp. 1206 (W.D.N.Y.1987); *Ditch v. Board of County Comm'rs,* 650 F.Supp. 1245 (D.Kan.1986).

 However, individual defendants may be held liable under Title VII for acts performed in an official capacity under the theory of respondeat superior, *Miller,* 991 F.2d at 587, and injunctive relief is available. *See Sattar v. Unocal Corp.,* 829 F.Supp. 331, 335 (N.D.Cal.1993) (quoting *Pree v. Stone & Webster Engineering Corp.,* 607 F.Supp. 945, 950 (D.Nev.1985)). Back pay, compensatory and punitive damages are not available against individual defendants in a Title VII claim. *Id.* at 334.

Since as a matter of law the individual defendants cannot be held liable for violations of Title VII in their personal capacities, or ADEA claims in any capacity, Defendants'

motion is GRANTED as to the individual defendants on these claims. Plaintiff's Title VII claims against the individual defendants in their personal capacities and Plaintiff's ADEA claim against the individual defendants are DISMISSED WITH PREJUDICE. Defendants' motion is DENIED as to the Title VII claim against the individual defendants in their official capacities.

## IV. BREACH OF THE COLLECTIVE BARGAINING AGREEMENT

In Count Seven of her Fourth Amended Complaint, Plaintiff alleges breach of the collective bargaining agreement by SFUSD. Defendants argue that the Eleventh Amendment precludes this claim. However, the Court is without subject matter jurisdiction over this claim.

Section 301 of the National Labor Relations Act ("NLRA") confers federal subject matter jurisdiction in contract disputes between an employer and a union representing employees in an industry affecting commerce. 29 U.S.C. § 185(b). However, the NLRA's various rights and obligations are not applicable in this case, as Congress has expressly exempted public sector collective bargaining units from coverage of the NLRA. 29 U.S.C. § 152(2); *see also Wisconsin Dep't of Indus., Labor and Human Relations v. Gould, Inc.,* 475 U.S. 282, 290, 106 S.Ct. 1057, 1063, 89 L.Ed.2d 223 (1986); *Abood v. Detroit Bd. of Educ.,* 431 U.S. 209, 223, 97 S.Ct. 1782, 1793, 52 L.Ed.2d 261 (1977). Section 2 of the Labor Management Relations Act ("LMRA") amended the NLRA to specifically exclude certain employers, labor organizations and employees from its coverage: "The term "employer" . . . shall not include . . . any State or political subdivision thereof." 29 U.S.C. § 152(2).

As discussed in Part II.A, *supra,* school districts are considered "political subdivisions" of the State of California within the meaning of 29 U.S.C. § 152(2), and therefore are exempt from coverage under the NLRA. This Court is without subject matter jurisdiction to hear the matter. Accordingly, this claim is DISMISSED WITH PREJUDICE.

## V. BREACH OF THE CONSENT DECREE

The Court finds that Plaintiff has stated a cause of action for breach of the consent decree entered in *San Francisco NAACP v. San Francisco Unified School District* (U.S. District Court for the Northern District of California, Civil No. C–78–1445–WHO) by alleging that under the consent decree SFUSD was to implement a staffing policy designed to reflect the student population of the district, and that SFUSD has failed to hire minority teachers to meet that goal. Defendants do not argue that Plaintiff is barred from asserting this claim. Accordingly, the Court DENIES Defendants' Motion as to this claim.

## VI. CONCLUSION

For the reasons set forth above, the Court hereby GRANTS IN PART and DENIES IN PART Defendants' motion as stated in the opinion.

The following claims remain in this case, as alleged in Plaintiff's Fourth Amended Complaint: the Title VII discrimination and retaliation claims against SFUSD and the individual defendants in their official capacities; the ADEA claim against SFUSD only; the section 1981, 1983, 1985 and 1986 claims against the individual defendants in their official capacities for injunctive and declaratory relief; the section, 1981, 1983, 1985 and 1986 claims against the individual defendants in their personal capacities for retroactive relief (i.e., damages); the breach of the consent decree claim against SFUSD; and claims for injunctive and declaratory relief. Judgment for the defendants is entered as to all other claims alleged in the Fourth Amended Complaint.

The discovery stay in this case is hereby VACATED. Discovery shall resume FORTHWITH. The parties are ORDERED to appear for a Case Management Conference at 10:00 a.m. on December 11, 1997, before the Honorable Maria–Elena James, Courtroom C, Philip Burton Federal Building and United States Courthouse, 450 Gold-

**1410**

en Gate Avenue, 15th floor, San Francisco, California 94102.

IT IS SO ORDERED.