**THIS OPINION IS A PRECEDENT OF THE TTAB**

**UNITED STATES PATENT AND TRADEMARK OFFICE**
Trademark Trial and Appeal Board
P.O. Box 1451
Alexandria, VA  22313-1451

WINTER

Mailed:  April 22, 2009

Opposition No. 91185033

Kraft Group LLC

v.

William A. Harpole

Before Bucher, Kuhlke, and Bergsman,
Administrative Trademark Judges.

By the Board:

Applicant, William A. Harpole, seeks to register the mark "19-0 THE PERFECT SEASON" for "hats; jackets; sport shirts; sports jackets; sports shirts; t-shirts" in International Class 25.[1]  Opposer, Kraft Group LLC, opposes registration of applicant's mark on two grounds, namely, that said application, which originally sought registration on the Supplemental Register, is void *ab initio* because it failed to state that applicant's mark was in lawful use in commerce or, in the alternative, should be deemed to have a later effective

---

[1] Application Serial No. 77324426, filed November 8, 2007 for registration on the Supplemental Register; and amended on April 22, 2008 to seek registration on the Principal Register under Section 1(b) of the Trademark Act based on applicant's bona fide intent to use the mark in commerce as of the filing date of the application.

filing date, namely, the date the application was amended to seek registration on the Principal Register under Section 1(b); and that the use and registration of applicant's mark is likely to cause confusion with opposer's identical mark to be used with the same, similar or related goods and services.[2] In his answer, applicant essentially denied the salient allegations contained in the notice of opposition, but admitted that as of the filing date of the application, he had not used the mark in commerce.

This case now comes before the Board for consideration of opposer's motion (filed November 18, 2008) for judgment on the

---

[2] Application Serial No. 77374613, filed January 17, 2008, based on opposer's alleged bona fide intent to use the mark in commerce with the following goods and services:  Pre-recorded videotapes, videocassettes and DVDs featuring sports; computer game and video game software, disks and cartridges featuring sports (International Class 9); posters, calendars, trading cards, series of books relating to football, magazines relating to football, newsletters relating to football, notepads, stickers, bumper stickers, paper pennants and greeting cards; printed tickets to sports games and events; pens and pencils, rub on decorative transfers, note paper, pictorial prints, paper table cloths, paper napkins, paper party hats, paper party invitations, paper decorations, collectible cards; collectible card and memorabilia holders, souvenir programs for sports events (International Class 16); men's, women's and children's clothing, namely, fleece tops and bottoms, caps, headwear, T-shirts, sweatshirts, shorts, sweaters, pants, jackets, golf shirts, woven shirts, knit shirts, jerseys, warm up suits, raincoats, parkas, ponchos, gloves, ties, socks (International Class 25); toys and sporting goods, namely, plush toys, stuffed animals, play figures, golf balls, golf bags, golf clubs, golf club covers, footballs, toy banks, board games relating to football, playing cards, Christmas tree ornaments, balloons, jigsaw puzzles, toy and decorative windsocks, kites, toy trucks, toy vehicles, billiard balls, dart boards, miniature helmets (International Class 28); and providing sports and entertainment information via a global computer network; providing on-line computer or video games (International Class 41).

pleadings on the first ground of its notice of opposition and of applicant's cross-motion (filed November 26, 2008) for judgment on the pleadings on both opposer's grounds. Both motions were filed pursuant to Federal Rule 12(c) and are fully briefed.

In support of its motion, opposer argues that the involved application is void *ab initio* because the application failed to meet the "clear regulatory mandate" set forth in Trademark Rule 2.47 for an application for registration on the Supplemental Register. In particular, opposer contends that Rule 2.47(a) requires that such an application must specify that the mark has been in use in commerce; and that, under Trademark Rule 2.47(d), "an applicant who does not allege use in commerce, such as Applicant, is <u>not eligible</u> for registration on the Supplemental Register <u>until</u> the applicant has filed an 'acceptable amendment to allege use under § 2.76 or statement of use under § 2.88'" (*emphasis* in original). Further, opposer opines that applicant could not have satisfied "the regulatory requirement" of use in commerce at the time he filed the application because he was not using the mark in commerce at the time the application was filed (answer ¶4). Essentially, opposer argues that, taking as true the facts as pleaded, namely, that applicant chose to seek registration on the Supplemental Register; that at the time applicant filed his application, he was not using the mark in

commerce; that the involved application did not comply with Trademark Rule 2.47(a); and that, as a result thereof, the application is void.

In the alternative, opposer argues that, just as the filing date of an application for registration on the Principal Register which is amended to seek registration on the Supplemental Register changes to the date on which the application is amended and an allegation of use is filed, "the inverse applies as well." Specifically, opposer contends that if the involved application is not deemed to be void, then its effective filing date is the date on which the application was amended to seek registration on the Principal Register under Section 1(b) of the Trademark Act. Based on the foregoing, opposer argues that it has priority in the "19-0 THE PERFECT SEASON" mark because the filing date of its application, namely, January 17, 2008 (notice of opp. ¶5), precedes April 22, 2008, the date on which applicant amended his application, and that the Board should enter judgment in its favor.

Applicant, in his combined opposition and cross-motion for judgment on the pleadings, argues primarily that his application is not void, nor should the filing date be changed, because the application met the minimum requirements for receiving a filing date under Trademark Rule 2.21. In particular, applicant contends that an applicant is not required to specify the filing basis to receive a filing date.

Referring to TMEP § 206 (5th ed. 2007), applicant also argues that his application does not fall within any of the three designated circumstances where an actual filing date would be replaced by an effective filing date.[3] Based on these arguments and on Trademark Rule 2.21, applicant contends that he has priority in the "19-0 THE PERFECT SEASON" mark; that he is entitled to judgment as a matter of law on each of opposer's claims; and that the opposition should be dismissed with prejudice.

In its reply brief in regard to its motion and in response to applicant's cross-motion, opposer argues that Trademark Rule 2.21 applies to applications filed under Sections 1 and 44 of the Trademark Act, not to those filed

---

[3] The filing date of an application is changed to an effective filing date in the following situations, namely, (i) when an applicant with an application that is based solely on Section 1(b) files an acceptable amendment to allege use or statement of use and an acceptable amendment to the Supplemental Register, the effective filing date is the filing date of the use amendment (*see* Trademark Rule 2.75(b), 37 C.F.R. § 2.75(b)); (ii) when an applicant is entitled to priority based on a foreign application, the effective filing date is the date on which the foreign application was first filed in the foreign country, as long as the priority claim for the United States application is filed within six months after the filing date of the foreign application (*see* 15 U.S.C. §§ 1126(d)(1) and 1141(g); and Trademark Rules 2.34(a)(4)(i) and 7.27(c), 37 C.F.R. §§ 2.34(a)(4)(i) and 7.27(c)); and (iii) in an application filed before November 16, 1989 (prior to which one year's lawful use of the mark in commerce was required to apply for registration on the Supplemental Register), the date of the amendment to the Supplemental Register becomes the effective filing date of the application if: (1) the applicant had not used the mark in commerce for one year before the application filing date; and (2) the applicant amends to the Supplemental Register on or after November 16, 1989. *See* TMEP §§ 206, 206.01, 206.02, 206.03 and 816.02 (5th ed. 2007).

under Section 23 for registration on the Supplemental Register and, thus, that applicant should not be regarded as having satisfied the minimum filing requirements until April 22, 2008, when he amended his application to seek registration on the Principal Register under Section 1(b). In applicant's reply brief, he argues that opposer has confused the registration requirements set forth in Trademark Rule 2.47 and the filing requirements set forth in Trademark Rule 2.21.

A motion for judgment on the pleadings is a test solely of the undisputed facts appearing in all the pleadings, supplemented by any facts of which the Board will take judicial notice. For purposes of the motion, all well pleaded factual allegations of the non-moving party must be accepted as true, while those allegations of the moving party which have been denied (or which are taken as denied, pursuant to Federal Rule 8(b)(6), because no responsive pleading thereto is required or permitted) are deemed false. Conclusions of law are not taken as admitted. *Baroid Drilling Fluids Inc. v. SunDrilling Products*, 24 USPQ2d 1048 (TTAB 1992). All reasonable inferences from the pleadings are drawn in favor of the non-moving party. *Id.* Further, a judgment on the pleadings may be granted only where, on the facts as deemed admitted, there is no genuine issue of material fact to be resolved, and the moving party is entitled to judgment on the substantive merits of the controversy, as a matter of law.

*Id. See also* 5C Fed. Prac. & Proc. Civ.3d § 1367 (2008). Motions for partial judgment on the pleadings are appropriate. *See VNA Plus, Inc. v. APRIA Healthcare Group, Inc.*, 29 F.Supp.2d 1253, 1258 (D. Kan. 1998); *Carmen v. San Francisco Unified School District*, 982 F.Supp. 1396, 1401 (N.D. Cal. 1997) (" … although Rule 12(c) does not expressly authorize 'partial' judgments, neither does it bar them, and it is common practice to apply Rule 12(c) to individual causes of action").

Based on our review of the pleadings, the involved application, which is of record pursuant to Trademark Rule 2.122(b), and the parties' arguments, we are not persuaded that applicant's application is void *ab initio* or that its effective filing date must be deemed to be the date on which he amended the application to seek registration on the Principal Register. In particular, we find that opposer has conflated the rule for obtaining a filing date, namely, Trademark Rule 2.21, with the rules that set forth the requirements for obtaining a registration under a particular statutory basis and for a particular register. *See, e.g.,* Trademark Rules 2.32, 2.34(a), and 2.47(a) and (e), 37 C.F.R. §§ 2.32, 2.34(a), and 2.47(a) and (e). With regard to the involved application, even though it originally indicated that applicant sought registration on the Supplemental Register, it contained the name of the applicant, a correspondence name and

address, a listing of goods, and the filing fee for at least one class of goods. As a result, the application properly received a filing date. *See* Trademark 2.21(a), 37 C.F.R. § 2.21(a). Applicant was not required to specify the filing basis for seeking registration on the Supplemental Register, *i.e.,* Section 1(a) of the Trademark Act, to receive a filing date. *See* TMEP § 806 (5th ed. 2007) ("an applicant is not required to specify the basis for filing to receive a filing date"). Moreover, applicant was not required to provide a verified statement that the mark was in use in commerce. If the requirements for establishing a basis are not met in the original application, the examining attorney will require that the applicant comply with the relevant requirements. *See Id.* "If th[e] verified statement [that the mark is in use in commerce] is not filed with the initial application, the [later submitted] verified statement must also state that the mark was in use in commerce on or in connection with the goods or services listed in the application *as of the application filing date.* TMEP *Id.* at § 806.01(a) (*emphasis* in original). Thus, "[a]n applicant must only specify and meet the requirements of one or more filing bases before the mark will be approved for publication for opposition or registration on the Supplemental Register, not to acquire a filing date." TMEP *Id.* at § 806. *See also* Trademark Rule 2.32(a)(5), 37 C.F.R. § 2.32(a)(5).

8

In view of the foregoing, we find that the Trademark Rules and Trademark Office examination practice clearly allow applicant another opportunity to provide certain information missing from the original application so that the mark may be registered, without losing the original filing date. In sum, contrary to opposer's arguments, Trademark Rule 2.47(a) sets forth the registration requirements for marks to register on the Supplemental Register, not the requirements to obtain a filing date. Thus, because an allegation of use was not required and the involved application met all the filing requirements set forth in Trademark Rule 2.21(a), said application is not void.

There is also no authority for opposer's argument that the involved application should be accorded a later filing date, *i.e.,* the date that applicant amended the application to seek registration on the Principal Register under Section 1(b). As noted, the filing date is governed by Trademark Rule 2.21. Further, an applicant who files for registration on the Supplemental Register may change its application to seek registration on the Principal Register, as long as the application is amended to comply with the rules relating to the Principal Register. *See* Trademark Rule 2.75(a), 37 C.F.R. § 2.75(a). As discussed, the Trademark Rules do not contemplate that an application must conform to all requirements for registration when the application is filed in

9

order to receive a filing date.  Additionally, Trademark Rule 2.75(b) provides that the actual filing date is changed to an effective filing date only when an application that originally sought registration on the Principal Register and under Section 1(b) of the Act is amended to seek registration on the Supplemental Register, which is not the case here.  Contrary to opposer's arguments, the converse is not true.  Rather, when an applicant amends an application on the Principal Register to substitute one basis for another, a continuing valid basis is presumed, unless there is contradictory evidence in the record, and the application retains the original filing date.  Trademark Rule 2.35(b)(3), 37 C.F.R. § 2.35(b)(3).  *See also Sinclair Oil Corporation v. Sumatra Kendrick*, 85 USPQ2d 1032, 1033 (TTAB 2007); and TMEP § 806.03(h) (5th ed. 2007).  Likewise, a continuing valid basis is presumed when an applicant amends its application for registration on the Supplemental Register to seek registration on the Principal Register.  Thus, if an application is amended to the Principal Register to assert Section 1(b) as a basis for that application, *i.e.*, a bona fide intention to use the mark in commerce, applicant is deemed to have that bona fide intention to use the mark at the time it filed the original application on the Supplemental Register.  In this case, the involved application was amended to include a statement that applicant "had a bona fide intention to use … the mark in

10

commerce on or in connection with the identified goods … as of the filing date of the application," as required by Trademark Rule 2.34(a)(2).  In view thereof, applicant's continuing valid basis under Section 1(b) since the filing date of the application is presumed, and November 8, 2007 remains the filing date of the involved application.

Accordingly, opposer's motion for judgment on the pleadings on the ground that the involved application is either void *ab initio* or should be accorded a later effective filing date is denied, and applicant's cross-motion on that ground is granted.

We turn now to applicant's cross-motion for judgment on the pleadings on the ground of likelihood of confusion.  To prevail on a Section 2(d) ground of opposition, the movant must prove priority and likelihood of confusion.  A party that has filed an intent-to-use application may rely on the filing date of its application to establish priority.  *See Zirco Corp. v. American Telephone & Telegraph Co.*, 21 USPQ2d 1542, 1544 (TTAB 1991).

The filing date of the involved application is November 8, 2007.  Opposer has pleaded that its application filing date is January 17, 2008.  Even though applicant denied in his answer opposer's allegations regarding its pleaded application, applicant states in his cross-motion that he does not dispute the facts section of opposer's motion, which

11

refers to the filing date of opposer's application. Further, applicant acknowledges that the filing date of opposer's pleaded application is January 17, 2008 (cross-motion, p. 2, ¶5).[4] In view thereof, the filing date of opposer's application is not in dispute; and applicant's filing date precedes the filing date of opposer's application.

Accordingly, because we have found that the involved application is not void, that applicant's filing date is November 8, 2007, that opposer's filing date is January 17, 2008, and that both applications are based on intent to use the mark in commerce and opposer has not alleged any use prior to the filing of its application, applicant clearly has priority in the mark "19-0 THE PERFECT SEASON." Because opposer has failed to plead any facts by which it can establish priority of use, it cannot prevail, and we need not reach the question of likelihood of confusion concerning the marks "19-0 THE PERFECT SEASON." *See Corporate Document Services Inc. v. I.C.E.D. Management Inc.*, 48 USPQ2d 1477, 1479 n.4 (TTAB 1998) ("although an opposition cannot be sustained under Section 2(d) on the basis of opposer's prior use without proof of likelihood of confusion, the opposition can be defeated by applicant's proof of prior use alone").

---

[4] Our consideration of briefs filed in regard to a motion for judgment on the pleadings does not mean that we are considering matters outside the pleadings.

In view of the foregoing, opposer's claim of priority fails as a matter of law, applicant's cross-motion for judgment on the pleadings is granted on the issue of priority, and judgment in favor of applicant dismissing the opposition is hereby entered, subject to applicant's establishment of constructive use.

The time for filing an appeal or for commencing a civil action will run from the date of this decision. Trademark Rules 2.129(d) and 2.145, 37 C.F.R. §§ 2.129(d) and 2.145. If there is no appeal, then applicant's application shall be processed for issuance of a notice of allowance. Thereafter, when applicant's mark has been registered or the application becomes abandoned, the interested party should inform the Board so that appropriate action may be taken to terminate this proceeding.

☼☼☼